## HOPKINS ROWELL

*v.*

## GEORGE CHANDLER.

1. DECLARATION—*where special count is bad, it will be presumed evidence was heard under common counts.* Although a special count in a declaration shows no cause of action, yet, if the declaration contains the common counts, and judgment is rendered by default, it will be presumed, in the absence of a bill of exceptions showing the contrary, that the court heard evidence to justify the judgment under the common counts.

2. RECEIVER—*right to sue in his own name.* If a stockholder in an insurance company is a party to a decree appointing a receiver of the company, it will be conclusive on him, and the receiver may maintain a suit against him in his own name.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was an action of assumpsit, brought by George Chandler, receiver of the Lamar Insurance Company, against Hopkins Rowell, to recover of him as a stockholder of the insurance company.

Mr. A. GARRISON, for the plaintiff in error.

Messrs. HILL & DEBELL, for the defendant in error.

Per CURIAM: Under the decision in *Chandler* v. *Brown*, 77 Ill. 333, the special count in this declaration is bad, and, without discussing the questions raised, we will make reference to the opinion in that case for an expression of our views.

But the declaration in the case at bar contains also the common counts, and, as judgment was rendered against defendant by default, we must presume proof was made that plaintiff was appointed receiver under a decree to which defendant was a party, and therefore conclusive upon him. If so, that would enable plaintiff to bring suit in his own name as such receiver, under the 25th section of the act of 1872 concerning corporations. Such proof could have been made under the common

counts, and, in the absence of a bill of exceptions showing what proof was, in fact, heard, we will indulge every reasonable presumption in order to sustain the judgment of a court of general jurisdiction.

A majority of the court are of opinion the judgment must be affirmed.

*Judgment affirmed.*