IRVING FRENCH

V.

· ELDON H. BAKER ET AL.

*Bill to Enjoin Enforcement of Judgment in Attachment—Presumption in Favor of Its Validity—Ex parte Evidence, Presumed Sufficient under Common Counts—Collateral Attack—Fraud—Return of Worthless Note.*

Upon a bill to enjoin the enforcement of a judgment rendered by default in attachment proceedings, it is *held:* That if the special count in the declaration filed in such proceedings was bad, it will be presumed that the evidence heard *ex parte* therein justified the judgment under the common counts; that such judgment can not be attacked collaterally, even if errors and irregularities in the course of the trial were conceded; that it can not be presumed that the judgment was obtained by fraud, and that it was unnecessary in the attachment proceedings for the plaintiffs to return a worthless note, the names of the securities to which were forged, which they had previously accepted in settlement of the indebtedness.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Winnebago County.

Statement of the case by WELCH, J.    This was a bill filed by the appellant to enjoin the enforcement of a judgment rendered in favor of Eldon H. Baker and Edward A. Baker against Michael Fox, in attachment proceedings against said Fox, and to perpetually enjoin the appellees from selling certain lands and premises in said bill described.    The bill alleges the recovery of three judgments in favor of the appellant against said Fox, on the 1st day of October, 1883 ; that the judgments are in full force ; that Fox was insolvent and had fled the country, and that the only property out of which satisfaction for his judgment could be had was the land levied on under the attachment proceeding of said Baker against Fox, on which the judgment sought to be enjoined was rendered. Alleges that the judgment in favor of the Bakers was without consideration and void.    Temporary injunction was granted on bill.    The answers admit the judgments in favor of appel-

lant, the insolvency of Fox and his flight from the country, but denies that the judgment in favor of Bakers was without consideration or void.   Replication filed; cause heard on this stipulation:

It is hereby stipulated and agreed by and between the above named complainants and defendants that this cause shall be heard upon the bill, answer and replications filed herein, and upon the following agreed statement of facts:

That the defendants Baker, on the third day of September, 1883, commenced in this court their certain action of attachment, returnable to this October, 1883, term thereof, against said Michael Fox;   that a copy of the affidavit upon which the same was based is marked " Exhibit A," and is attached to the bill filed herein; that on the 10th day of September, 1883, the plaintiffs and defendant in said attachment suit agreed up. on a settlement of the subject-matter of the same, by the delivery, by the defendant Fox, to the plaintiffs, of certain articles of personal property, and the execution and delivery by the said Fox to said Bakers of a certain promissory note as hereinafter stated, of which the following is a true copy:

$530.                    ROCKFORD, Ill., September 10, 1883.

Six months after date I promise to pay to the order of E. H. Baker and E. A. Baker five hundred and thirty dollars, with interest on said sum at seven per cent. per annum, payable at Durand, value received.

(Signed)                    MICHAEL FOX,<br>
THOMAS FOX,<br>
ANN FENLON.

That the said articles of personal property and the said notes are now held and possessed by the said Bakers; that the said Thomas Fox and Ann Fenlon will both testify that the said note is a forgery; that the first day of said October term, 1883, of said court, occurred on the first day of October, 1883; that on the first day of October, 1883, the complainant recovered three cognovit judgments against the said Michael Fox for the aggregate amount of $2,853.28, and costs of suits, and that executions on the same day were duly issued and delivered to the Sheriff of said county to execute and that said judgments

at the time of the filing of the bill herein were wholly unsatisfied. That on the 9th day of October, 1883, a declaration was filed in said attachment cause, a true copy of which is attached to said bill marked " Exhibit B"; that on the 15th day of October, 1883, evidence was heard *ex parte*, and judgment was rendered in said attachment proceeding by default of said Fox for the sum of $570, and that special execution was awarded to sell the lands and premises upon which the said attachment levy was made, and that the same were advertised for sale as set forth in said bill; that in August, 1883, the defendants, Bakers, were the owners of certain real estate, and then and there agreed to trade such real estate to said Michael Fox, subject to the incumbrances, for the equity of redemption in lands in the village of Durand, and the Bakers to assume a mortgage thereon of $1,000 and interest, and gave Bakers a warranty deed subject to said $1,000 mortgage, and fraudulently represented to them that that was the only incumbrance. Soon after the deeds were exchanged the Bakers learned that the land in Durand was also incumbered by a $500 mortgage held by and given to I. French, and not due until December, 1883, and this was a breach of the warranty deed given in trade by M. Fox, as alleged in the answer; and said Fox knew it at the time it was given; and that before the attachment suit was begun, the Bakers saw Fox and settled, and that said Bakers will testify that it was mutually agreed to settle the same, and Fox then agreed with them and promised Bakers that he would that day fix the matter up and pay them; that he failed so to do and the attachment writ was then sued out, and after that the attachment suit was settled on condition that said Fox would give them said note for $530, signed by Ann Fenlon and Thomas Fox as surety; that he did bring what purported to be such a note, which said Ann Fenlon and, Thomas Fox will testify is a forgery; that on the trial of said attachment suit evidence was heard in open court, and that immediately after giving said note said Fox absconded and has not since been heard of; that he not only obtained said land in such trade but also sold certain personalty that was also mortgaged, and that in the settlement all such chattel

mortgaged property was settled for, and the note was given for amount due on said $500 incumbrance. That at the time of the commencement of said attachment proceedings and the recovery of the said judgment by the said Bakers, no part of the said mortgage indebtedness of $500 dated on or about April 23, 1883, due December 27, 1883, and interest at seven per cent., and given by said Fox to said French, and described in said declaration, was not paid in whole or in part by said Bakers or by any other person at the time of the rendition of said attachment judgment, nor until the 31st day of December, 1883; that the same became due on the 27th day of December, 1883, and that the same was paid on the 31st day of December, 1883, by said Bakers, and discharged of record on that day.

## Exhibit B.

E. A. Baker and E. H. Baker, partners, etc., plaintiffs, by J. C. Garver, their attorney, complain of Michael Fox, defendant, of a plea of trespass on the case upon promises. For that whereas, heretofore, to wit: on the 27th day of August, 1883, in said county, the defendant, by his deed bearing date of that day, and now to the court here shown for the consideration therein mentioned, did grant, bargain and sell to the plaintiff, his heirs and assigns, a certain parcel of land in the said deed particularly described, situated in the village of Durand, in the county of Winnebago and State of Illinois, to have and to hold the same to the plaintiff, his heirs and assigns, forever; and the defendant did by the said deed covenant with the said plaintiff, his heirs and assigns, amongst other things, that at the time of the ensealing and delivery of the said deed, the said parcel of land was free and clear from all former or other grants, bargains, sales, liens, taxes, assessments and incumbrances of what kind or nature soever. Yet the plaintiff avers the said parcel of land was not, at the time of the ensealing and delivery of said deed, free and clear from all former or other grants, bargains, sales, liens, taxes, assessments and incumbrances, of what kind or nature soever, but on the contrary thereof, the defendant, before that time, to wit: on or about June, 1883, by his deed on that date, had

mortgaged the said parcel of land to one Irvin French, to secure the payment of $500, with interest thereon at the rate of seven per cent., to the said Irvin French, in one year from the date thereof; which said sum of money, with interest as aforesaid, is still unpaid, and the said parcel of land is still chargeable with the payment thereof. And plaintiffs aver that they took said land subject to one incumbrance mentioned in said deed, but defendant then had the land incumbered for another sum, and falsely represented, with intent to cheat and defraud plaintiffs, that the one incumbrance of $1,000 was the sole lien against said premises brought, whereas then and there was said sum of $500 and interest at seven per cent. and the taxes of 1883, all of which plaintiffs must pay to get a clear title to the same, at, to wit: the county aforesaid, which defendant afterward, and before the commencement of this suit, promised to pay to plaintiffs.

Then follow the ordinary common counts, and concludes with the usual breach.

The injunction was dissolved and bill dismissed, from which order dissolving the injunction and dismissing the bill this appeal is taken.

Mr. G. O. WILLIAMS, for appellant.

Mr. J. C. GARVER, for appellee.

WELCH, J. The judgment sought to be enjoined was recovered by the appellees, Bakers, against Fox, on personal service and default. The declaration contained a special count and the common counts. It is insisted by counsel for appellant that the special count stated no course of action on which a recovery could be maintained and that therefore the judgment is void. If it be conceded that the special count did not show that there was a *bona fide* indebtedness existing between Fox and Bakers at the time of the commencement of the attachment proceedings, yet, as held in the case of Hopkins Rowell v. George Chandler, 83 Ill. 288, when the declaration contains the common counts and judgment is rendered by default, it

French v. Baker.

will be presumed, in the absence of a bill of exceptions to the contrary, that the court heard evidence to justify the judgment under the common counts. The stipulation in this case states that on the 15th day of October, 1883, evidence was heard *ex parte* and judgment was rendered in said attachment proceeding by default of said Fox for the sum of $570.

In this case there is no necessity of a presumption that evidence was heard. It is expressly stipulated that evidence was heard. The court had jurisdiction of the person and subject-matter, and the judgment can not be attacked collaterally, even though it was conceded that there were errors and irregularities committed during the progress of the proceeding. Buckmaster v. Carlin, 3 Scam. 104; Mulvey v. Gibbins, 87 Ill. 367; Martin v. Judd, 60 Ill. 79; Town of Lyons v. Cooledge, 89 Ill. 534; Frydendale v. Baldwin, 103 Ill. 325. It is further insisted by counsel for appellant that Bakers having accepted the note of Fox set out in the stipulation, *supra*, on settlement, that no recovery could be had on the enjoined indebtedness without the return or offer to return the note. And we are referred to the case of Brooks v. Gates, 8 Ill. App. 435, as sustaining that view. That case is not analogous to the one at bar. In that case the party was seeking to recover what he had paid on a contract, without returning or offering to return what he had received on it. The principle announced in that case is elementary. In the case at bar, nothing was received on the note. It was taken for a present indebtedness. The names of securities thereto are admitted to be forged, the principal was insolvent and had fled the country. The note was worthless. The delivery of the forged note to Bakers did not change the character of the liability to them, nor did it affect them or require of them the return of the worthless paper to entitle them to prosecute this suit against Fox. In the view we take of the law, every presumption must be indulged in favor of the validity of the judgment. That it was obtained by fraud can not be presumed. Fraud must be alleged and proved. Applying to this case the rule announced *supra*, we find no error in the decree dissolving the injunction and in dismissing the bill.

*Decree affirmed.*