## I. S. CALLENDER ET AL.

### v.

### SANFORD GATES ET AL.

*Jurisdiction—Suit Against Person Outside County—Plea in Abatement—Service of Summons—Return of Sheriff—Controverting by Parol.*

1.  A defendant who wishes to raise the question of jurisdiction, where a summons has been served upon him in a foreign county, must do so by a plea in abatement filed in apt time, otherwise he will be considered as having submitted to the jurisdiction of the court.

2.   While under the law of this State a return of a sheriff is not held to be an absolute verity, but may be controverted by parol, yet such evidence, to prevail, must be clear and convincing.

[Opinion filed December 12, 1892.]

Appeal from the Circuit Court of Mercer County; the Hon. John J. Glenn, Judge, presiding.

Mr. J. A. McKenzie, for appellants.

Messrs. Pepper & Scott, for appellees.

Mr. Justice Harker.   This was a bill in chancery to enjoin the collection of a judgment in favor of Sanford Gates and John Eddington, partners, against I. S. Callender and L. A. Greenwood, for $127.25 and costs, rendered by the County Court of Mercer County.   Gates and Eddington, residents of Mercer County, sued Callender and Greenwood, residents of Knox County, in assumpsit in the County Court of Mercer County.   Summons was issued to the sheriff of Knox County, and served by him in that county.   On the forenoon of the first day of the term of the court to which the summons was made returnable, the case was reached on the call of the docket, for trial.   No demurrer or plea having been filed, a default was taken against the defendants, and a judgment entered upon an affidavit of merits.   On the afternoon of the same day the defendants appeared and moved the court to set aside the default and judgment on the ground that they were not served in Mercer County, and filed pleas in abatement.   The court overruled the motion and ordered the pleas stricken from the files.   An execution having issued from the judgment, Callender and Greenwood presented their bill to enjoin proceedings under it, and to vacate the judgment.   On a hearing the Circuit Court dissolved the injunction and dismissed the bill.   The bill avers that the County Court never had jurisdiction of the persons of the defendants, and that the judgment is for that reason void.   If the summons sent to Knox

County was read to the defendants, then the court had jurisdiction of their persons. It is now firmly established that a defendant who seeks to raise the question of jurisdiction where a summons had been sent to a foreign county, must do so by plea in abatement. The statute which prohibits the suing of a party out of the county where he resides, confers a privilege upon the citizen, of which he can avail if he chooses. If he does not plead his privilege in apt time, he will be regarded as having waived it and submitted to the jurisdiction of the court. Kenney v. Greer, 13 Ill. 432; Watterman v. Tuttle, 18 Ill. 292; Hardy v. Adams, 48 Ill. 532; Humphrey v. Phillips, 57 Ill. 132; Wallace v. Cox, 71 Ill. 548. The case hinges entirely upon whether the summons was read to the defendants. On the back of it was the following return indorsed by the sheriff:

" Served this writ on the within named L. A. Greenwood and I. S. Callender, by delivering a true copy to each of them and by reading the same to them the 29th day of April, 1891. * * *

R. G. MATHEWS, Sheriff."

In our opinion this return shows service on both defendants by reading. Callender swore that the summons was not read to him and introduced two witnesses, Wm. Despain and S. W. Ferris, who were present at the time the sheriff delivered to Callender a copy. The testimony of the two witnesses named does not, as contended by counsel for appellants, show the sheriff did not read the summons to Callender. Neither one of them pretended that he saw or heard all that passed between Callender and the sheriff, and both left them standing and talking together. The only positive evidence, outside of the return, upon the subject, was the testimony of the sheriff and Callender, the former affirming and the latter denying that the summons was read. While the rule is now firmly established in this State that the return of a sheriff is not an absolute verity, as was the rule under the old common law authorities, but may be controverted by parol proof, yet before such proof should be allowed to prevail over the return, it should be

clear and convincing. The Circuit Court did not think the proof furnished by appellants was of that character. We are not prepared to say he was wrong.

If, as is claimed by appellants, this judgment works a great wrong and hardship to them, more is attributable to their own neglect than to the action of the County Court in refusing to set aside the judgment and allow the dilatory defense proposed. They had from the time they were served until the convening of the court to prepare and file their plea in abatement. When they applied to have the default and judgment vacated, they did not accompany their application with any showing that they had a meritorious defense in bar to the plaintiffs' cause of action.

The decree of the Circuit Court will be affirmed.

*Decree affirmed.*