## Catherine Duffy, Appellee, v. George Frankenberg et al., Appellants.

### Gen. No. 13,996.

1. CONSPIRACY—*when, to obtain judgment, not actionable.* A judgment not void for want of jurisdiction cannot be collaterally attacked and while such a judgment remains in full force an action charging conspiracy to obtain it does not lie.

2. CONSPIRACY—*when action at law for, does not lie.* A civil action cannot be maintained for a mere conspiracy. Damages of an actual and not punitive character must flow from the conspiracy before the action can be maintained. When actual damage is proven to have been suffered, then punitive damages may also be allowed according to the particular aggravating character of the conspiracy demonstrated by the proofs.

3. DAMAGES—*when punitive, will not be awarded.* In the absence

of proof of actual damages, the assessment of punitive damages is not justified.

4. SERVICE OF PROCESS—*when return cannot be impeached.* Return of service cannot be impeached by the unsupported testimony of the defendant in the writ, or collaterally by any number of witnesses.

Trespass on the case. Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed October 8, 1908.

WALTER A. LANTZ, for appellants.

GEORGE E. GORMAN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action of trespass on the case brought by the plaintiff against the defendants, George Frankenberg, John R. McDonnell, P. B. Tierney and William J. Luddy, charging them with conspiring together to injure plaintiff by obtaining her property to satisfy a judgment fraudulently obtained against her. Luddy was not served with process and did not appear, so that the cause proceeded to trial against Frankenberg, McDonnell and Tierney, before the court and a jury. The court instructed the jury to find McDonnell not guilty, which they did, and at the same time returned a verdict of guilty against Frankenberg and Tierney, assessing plaintiff's damages at $1,500. After overruling motions for new trial and in arrest of judgment, the court entered judgment upon the verdict. Defendants made the usual objections and preserved the customary exceptions to the actions of the court culminating in the judgment, and prayed for, obtained and prosecute this appeal seeking a reversal thereof.

The material facts, briefly stated, are about as follows: Frankenberg was a loaner of money, mostly to impecunious and unthrifty salaried people. The son of the plaintiff, James P. Duffy, belonged to this

class, and in consequence got into the clutches of Frankenberg when he borrowed of him $30, giving his notes for the aggregate sum of $33. These notes were indorsed by one Curley, and young Duffy reciprocated the favor by indorsing Curley's note to Frankenberg, Curley likewise being of the impecunious class who borrowed from Frankenberg. James P. Duffy after borrowing the $30 removed to New York, and as he was a man of no financial substance, Frankenberg stood in imminent danger of losing the money which he loaned him. Confronted with this threatened loss, he seems to have sought a way out of it by endeavoring to get Duffy's mother, the plaintiff, who was a person of some fortune, to pay her son's debt to him. He testifies that Mrs. Duffy called upon him to ascertain the amount of her son's indebtedness, and on being informed that it was $33, promised to pay it. As Mrs. Duffy did not pay her son's debt, Frankenberg brought suit before the defendant McDonnell, a Cook county justice of the peace, whose court was situated in a remote part of Chicago. Tierney was the constable who served the summons, although Mrs. Duffy denies both the promise to pay her son's debt and the service upon her of summons by Tierney in the Frankenberg suit. While she admits that the constable was at her house and informed her in relation to the pendency of the suit, yet she denies that he served her with process, but on the contrary states that after she had denied her promise to pay and all liability to Tierney, he left, saying, in effect, that there was no case against her. The summons, however, was returned served, and after a continuance, which Frankenberg claimed was granted at the request of Mrs. Duffy by telephone, a judgment by default was taken on her non-appearance at the time to which the cause was continued, and Frankenberg then swore out an immediate execution upon the grounds permitted by statute. After judgment was entered, and on July 10, 1904, plaintiff left Chicago for New York, from which port four days

thereafter she took steamer for Europe to be gone two months or more. Luddy, a constable, had the execution and called at plaintiff's residence to demand payment after she had left Chicago. A daughter of Mrs. Duffy, Mrs. Coffey, was in possession of her mother's residence, and to her Luddy said that he had come to levy on her mother's furniture under the McDonnell execution. He then had a wagon and sundry men with him for the purpose, as he stated, of taking away Mrs. Duffy's furniture if the amount due on the execution was not paid. After consultation with her sister, Mrs. Kerwick, one of them paid the amount demanded, $39 and some cents, number not appearing from either Mrs. Coffey's or Mrs. Kerwick's evidence.

It cannot be controverted on the proof of plaintiff found in this record, that the attack upon the judgment of Frankenberg v. Catherine Duffy obtained in the justice of the peace court of McDonnell is collateral and not direct. Judgments not void for want of jurisdiction are not open to collateral attack in the manner attempted in this case, and no recovery of damages can be had for a conspiracy to obtain such a judgment while the same remains in full force and unreversed. As applied to the case at bar, before this action of conspiracy can be maintained, the judgment before Justice of the Peace McDonnell must in a direct proceeding be overcome, vacated and adjudged to be reversed as voidable on account of the fact, if such be the fact, that Tierney's return of service upon the summons is false. In its present situation the presumptions of the law are in favor of the validity of the judgment, and such presumptions continue until overcome by an adjudication impeaching it in a direct proceeding attacking it.

A judgment rendered by a court having jurisdiction of the parties and the subject-matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment in respect to its validity, verity or binding effect, by parties or privies in any

collateral action or proceeding. Harris v. Leter, 80 Ill. 307; Kern v. Strasberger, 71 *ibid.* 303; Kanorowski v. The People, 113 Ill. App. 468.

A judgment entered by default, the court having jurisdiction, as in the case at bar, is as conclusive against collateral attack or impeachment as a judgment in any other form. French v. Baker, 21 Ill. App. 432.

The evidence fails to disclose any actual damage suffered by plaintiff flowing from the conspiracies alleged in the declaration. She paid no money or other thing of value to satisfy the demands of Constable Luddy for payment of the execution upon the judgment obtained in the court of McDonnell, J. P. Neither did she suffer any actual damage by the levying of the execution upon her property, for no levy was made or attempted. The amount due on the execution was paid by the daughters of plaintiff at a time when she was beyond seas. The payment was not made to release a levy, but to forestall one being made. It is therefore clear that the assessment of damages is all of a punitive nature. Without proof of actual damage, vindictive or punitive damages cannot be allowed. This is the trend of all the modern decisions on this subject. Martin v. Leslie, 93 Ill. App. 44.

A civil action cannot be maintained for a mere conspiracy. Damages of an actual and not punitive character must flow from the conspiracy before the action can be maintained. When actual damage is proven to have been suffered, then punitive damages may also be allowed according to the particular aggravating character of the conspiracy demonstrated by the proofs. Doremus v. Hennessy, 62 Ill. App. 391.

There is no evidence in this record tending to show that any of the defendants but Frankenberg had any knowledge of the transaction between the latter and the Duffys. McDonnell had none, so far as the record shows, when he issued the summons. Tierney had no

information regarding the matter at the time the summons was delivered to him for service, although he learned Mrs. Duffy's version of the matter at the time he claimed he served the summons upon her. Luddy, who had the execution for collection, had no knowledge of the facts of the transaction between the parties to the execution, so far as we can gather from the record, prior to or at the time he proceeded to collect the amount of the execution in the manner usual in such cases, sanctioned by the statute. There being no proof in the record tending in the slightest degree to establish the charge that the defendants conspired together to procure an unlawful or fraudulent judgment against the plaintiff, the case falls at its very threshhold.

That the defendant Frankenberg attempted to obtain an undue advantage of plaintiff in suing her for the debt of her son, which, as he claims, she had promised verbally to pay, and which Frankenberg must be presumed to know was not enforceable, as being a promise to pay the debt of another, and barred by the Statute of Frauds because it was not in writing, appears from his own evidence. That Tierney served the summons upon Mrs. Duffy, we are much inclined to believe from all the evidence of the parties at the time Tierney admittedly attended at Mrs. Duffy's house for that purpose, for while Tierney, as is natural with men of his Celtic blood, was gracious to the ladies and careful of their feelings and anxious to spare them as much annoyance as possible compatible with the discharge of his official duties, he undoubtedly was sufficiently careful, in as unostentatious and inoffensive manner as possible, to make legal service of the summons on Mrs. Duffy before he left her house. He has solemnly so certified in his written return of the writ, and such return cannot be impeached by the unsupported testimony of the defendant in that writ, or collaterally by any number of witnesses.

Our conclusion is that the plaintiff cannot maintain

her action in its present form, and that the judgment is not only manifestly contrary to the weight of the evidence, but finds no support in it. The judgment of the Superior Court is therefore reversed, without remanding the cause.

*Reversed.*