## Chauncey T. Smith, Plaintiff in Error, v. Jack Zuta et al., Defendants in Error.

### Gen. No. 31,625.

1. PROCESS—*sufficiency of evidence to overcome return.* The return of a bailiff, made in discharge of his duty, showing service of process upon a person cannot be overcome by the uncorroborated and unsupported statement of the person that he had not been served.

2. JUDGMENTS AND DECREES—*payment of attorney's fee as condition to vacation of judgment.* In ordering the defendant to pay an attorney's fee as a condition to vacating a judgment it is erroneous to direct that the fee be paid to plaintiff's attorney instead of to plaintiff.

3. APPEAL AND ERROR—*accepting benefit from order as waiver of right of review.* The acceptance of an attorney's fee, ordered to be paid by the defendant as a condition to the vacating of a judgment, does not debar plaintiff from a review of the erroneous action of the court, where, by the terms of the order, the fee was taken by plaintiff's attorney, and not by the plaintiff, and was so ordered taken without prejudice to the right of the plaintiff to appeal.

Error by plaintiff to the Municipal Court of Chicago; the Hon. ROBERT E. GENTZEL, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1927. Reversed and remanded with directions. Opinion filed January 18, 1928.

BELL & CROSS, for plaintiff in error; STEPHEN A. CROSS and WILLIAM B. GREENE, of counsel.

HARRY W. STARR, ISRAEL R. GOLDBERG and CHARLES P. R. McCAULEY, for defendant in error, Jack Zuta.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This action was brought by plaintiff against Jack Zuta, Henry Finkelstein and Morris Simmons for damages arising out of an automobile accident on September 28, 1923, and the plaintiff claimed damages in the sum of $485. The suit was dismissed as to the defendants Finkelstein and Simmons, which left Jack Zuta as the sole defendant. Zuta was personally served with a summons, as shown by the return thereon of the bailiff of the municipal court, on December 11, 1923. Zuta's appearance was entered in the cause by one Murphy O. Tate, as his attorney. It is not challenged but that Tate was at the time he entered Zuta's appearance a regularly licensed attorney of the State of Illinois. Tate, as Zuta's attorney, made an affidavit that Zuta had a meritorious defense to the action. On November 14, 1924, there was a trial before the court without a jury and a finding against Zuta in tort for $385.50 and costs, and a judgment on that finding for the last-mentioned sum.

Thereafter and on April 19, 1926, defendant obtained leave to file a petition to vacate the judgment, whereupon plaintiff moved to strike such petition from the files. On May 7, 1926, the motion of plaintiff to strike Zuta's petition to vacate the judgment was denied, and the cause was reinstated on condition that an attorney's fee of $25 should be paid by Zuta, and it was paid.

In Zuta's petition to vacate the judgment against him he claimed *inter alia*, that he had not been served with a summons, and that he had not employed or authorized Tate to appear for him as his attorney to defend the suit, and not until August, 1925, did he know that judgment had been taken against him in the suit.

An order was entered on July 27, 1926, granting Zuta's petition and vacating the judgment order of November 14, 1924, and reinstating the cause for trial on payment to plaintiff's attorney of $25, and also giving leave to Tate to withdraw his appearance as attorney for Zuta. On August 30, 1926, an order was entered of record that Zuta be allowed to pay the $25 attorney's fees in open court to plaintiff's attorney, and that said sum be accepted by said attorney without prejudice to plaintiff's appeal. Tate told the court that he was not retained by Zuta, but representing the insurance company who had insured the risk, assumed so to do as a matter of course, contending that it was a custom among attorneys in Chicago representing insurance companies in suits to appear, as a matter of course, for all the defendants joined with the insurance companies without any direct authority so to do.

Error is assigned on the court's refusal to strike Zuta's petition to vacate the judgment from the files, and in vacating such judgment, and in permitting Zuta to defend against the action.

On November 14, 1924, the judgment was entered and not until one year and six months thereafter, on

May 7, 1926, did Zuta file his motion to vacate the judgment. If it were necessary to apply the doctrine of laches to these facts, we should hold that laches was apparent.

When the judgment was rendered it is clear that the court had jurisdiction of Zuta in two ways, first, by the service of process upon him by the bailiff of the court, and by Tate's entry of his appearance. There is nothing in this record to support the claims of Zuta that he was not served with process, except his own statement. The service of process cannot be nullified in any such way. If it could, there would be no security in court judgments. In the case at bar there is no supporting fact to cast doubt upon the return of service by the court's officer. The fact of service cannot be overcome by the unsupported statement of the party served. The return of an officer made in discharge of his duty will not be disregarded, except upon clear and satisfactory evidence, and will not be set aside on the uncorroborated and unsupported statement of the person on whom the officer's return of service shows that it was made.

In *Marnik v. Cusack*, 317 Ill. 362, the court said: "The well established rule is that the return showing service cannot be overcome by the uncorroborated testimony of the defendant," and then indulged in the following observations:

"The stability of judicial proceedings, however, requires that the return of an officer made in the due course of his official duty and under the sanction of his official oath should not be set aside merely upon the uncorroborated testimony of the person on whom the process has been served but only upon clear and satisfactory evidence. *Davis v. Dresback*, 81 Ill. 393; *Kochman v. O'Neill*, 202 id. 110."

Defendant's counsel contend that the acceptance of the $25 attorney's fee ordered paid by the court debars plaintiff from availing of the erroneous action of the

court, even were such action erroneous. The fee was awarded as a condition precedent to the action of the court in vacating the judgment. It was ordered by the court to be paid to plaintiff's attorney. This in itself was erroneous; the lawyer was not a litigant, it was the client who was responsible for the payment of fees to his attorney. Moreover, by the express terms of the order, it was taken by the attorney, not the plaintiff, and was so ordered taken without prejudice to the right of the plaintiff to appeal. There is no force in this contention of defendant. Furthermore this point was passed upon adversely to defendant by this court when he raised the question by plea which the court struck from the files. This action of the court eliminated that question from the case and this court's further consideration of it.

For the foregoing reasons the judgment of the municipal court appealed from is reversed, and the cause is remanded to the municipal court with directions to restore to the record the judgment entered November 14, 1924, against Jack Zuta for $385.50 and costs.

*Reversed and remanded with directions.*

TAYLOR, P. J., and WILSON, J., concur.