Wayne Moore and H. E. Gnadt, Appellees, v. Robbins
Machinery & Supply Company, Appellant.

Gen. No. 32,839.

Opinion filed February 27, 1929. Re-
hearing denied March 19, 1929.

DAVID D. STANSBURY and ALFRED ROY HULBERT, for
appellant.

F. E. BRIGHTMAN, for appellees; EDWARD D. FEIN-
BERG and M. EDWARD ABRAM, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The complainants filed their bill in an effort to escape the payment of a judgment for $5,297.17 rendered in the municipal court of Chicago against them and the Unit Sash Weight Company and V. A. Smith on February 26, 1924. The relief prayed for, grounded on the averment that complaints are without remedy in the premises except in a court of equity, is that the defendant Robbins Machinery & Supply Company may be required to answer the bill but not under oath; that the judgment rendered against them may be set aside and vacated; that they may be granted a new trial in said cause in the municipal court, and that in the meantime defendant and the bailiff of the municipal court may be restrained from levying an execution upon said judgment, or otherwise attempting to enforce the same, and that upon a hearing of the cause such injunction may be made perpetual.

The proofs show without any material contradiction that plaintiffs in this suit and the defendants in the municipal court suit, at the instance of the defendant Robbins Machinery and Supply Company, were served with process of summons in the municipal court suit by the bailiff of the court, the defendant Snow, and that summons was returned served upon the defendants and that the defendant V. A. Smith authorized a lawyer, named Ruehl H. Grunewald, to enter the appearance of his codefendants Moore and Gnadt, and to defend said suit for the three of them; this Grunewald did; that Grunewald on March 5, 1924, entered an appearance and made a demand for a trial by jury, but afterwards on April 10, 1924, filed an affidavit of merits on behalf of complainants, V. A. Smith and Unit Sash Weight Company of Chicago; that such affidavit of merits was sworn to by V. A. Smith as the agent of complainants; that on April 14, 1924, the case in the

municipal court being at issue was postponed to the next jury calendar, and thereafter on October 9, 1925, the cause came on for hearing on the regular call of cases before a judge of said municipal court; that complainants did not appear either personally or by counsel, and thereupon the defendant Robbins Machinery & Supply Company, plaintiff in said municipal court suit, appeared and procured an order of default to be entered against the complainants and the other defendants for their failure to appear either in person or by counsel. Whereupon the court heard the case and assessed the damages against complainants and their codefendants in the sum of $5,297.17, and judgment upon the finding was thereupon entered; that on June 8, 1927, defendant, the plaintiff in the municipal court suit, caused an execution to be issued upon the judgment against complainants and their codefendants, and the same was served upon complainant Gnadt on June 9, 1927; that defendant Robbins Machinery & Supply Company's answer admits the institution of the municipal court suit and avers that personal service was had upon complainants, two of the defendants in that suit, as would appear upon the bailiff's return upon the summons; admits the appearance by Grunewald as attorney for complainants and the filing of the affidavit of merits, and admits that judgment was obtained by a default for $5,297.17 against the defendants in the municipal court suit, among which were complainants, and also admits the issue of execution and its service, and denies the averment in the bill that the defendants in the municipal court suit were not served with process, and denies that defendant received settlement of the judgment or that any part of that judgment was paid.

Defendant further answering denies that complainants made any attempt to vacate or set aside the municipal court judgment until the filing of the bill and

charges that complainants were guilty of such laches as to bar them from any relief in a court of equity.

The cause was heard by the chancellor and a decree entered, in which, after reciting what the court concluded were the facts in the case, it decreed that the judgment in the municipal court of Chicago recovered in Case No. 864515, wherein Moore and Gnadt complainants were defendants and judgment debtors, has been fully paid and the indebtedness represented thereby has been paid and satisfied as to the complainants herein, and further decreed that the defendant Robbins Machinery & Supply Company enter upon the record of the municipal court, within ten days after the date of the decree, a full and complete satisfaction of the judgment against the complainants Wayne Moore and H. E. Gnadt in said municipal court; and it was further decreed that the defendant, Robbins Machinery & Supply Company, its officers, agents, servants and employees, as well as its successors and assigns, and Bernard W. Snow, bailiff of the municipal court of Chicago, Cook county, Illinois, and as well his successor or successors in office, be, and each of them is, permanently enjoined and restrained from levying execution under judgment in the municipal court above recited, and from taking any action whatsoever under or by virtue of said judgment in the municipal court of Chicago, by levying execution or otherwise attempting to enforce said judgment, or in any way attempting to collect any part of said judgment or making any claim whatsoever against the complainants or either of them or the property of either of them on account of or because of said judgment, or in any way asserting any claim whatsoever under said judgment against the complainants in this action or the property of either or both of said complainants. From the foregoing decree this appeal is prosecuted.

Complainant H. E. Gnadt, in his direct examination as a witness for complainants, answered this question:

"Q. I will ask you whether or not any person purporting to be the bailiff of the Municipal Court, came to you and handed you a paper, purporting to be a summons to appear in that case? A. Not that I know of."

That is all the testimony of Gnadt regarding the contention of the service of the summons upon him in the municipal court suit.

The complainant Moore, examined as a witness in his own behalf, the abstract shows, testified as follows:

"I was not served with summons in the Municipal Court suit, nor handed a document purporting to be a summons by a bailiff of the Municipal Court. I received no paper at all purporting to be anything from the Municipal Court of Chicago regarding the pendency of that particular suit. I never consulted any attorney until I got Mr. Brightman here after this thing came up. I never had any attorney employed before. Had no conversation at any time with any attorney about filing an appearance for me in that suit. I had no conversation with an attorney looking toward employing him in that case. I never knew V. A. Smith. He was pointed out to me, that is all. Never had a conversation with him regarding the case. Never talked to him in regard to going to an attorney in my behalf, nor concerning the filing of an affidavit of merits for me in defense of that suit. Never talked to anybody with respect to representing me in that case. I first learned of the Municipal Court suit last June when the judgment appeared of record in the Title & Trust Company papers."

The testimony of Gnadt is colorless,—in legal effect it has no meaning. The answer to the question regarding whether or not he was served with a summons, "Not that I know of," was no answer to the question and had no weight as a denial of service.

So far as the answer of Moore is·concerned, while he denies most emphatically that he was served with process or authorized Grunewald to appear for him, yet that does not change the situation, particularly in view of the return of service by the bailiff of the municipal court upon the summons in the municipal court case. A deputy clerk of the municipal court produced the summons with the service of each of the complainants indorsed thereon, which summons with its return was offered and received in evidence without any objection. The original was withdrawn and a photographic copy substituted by consent.

Complainants in their brief make the following statement:

"The suing out of a writ of execution after the court has lost jurisdiction to vacate its judgment is an indication of fraud."

That would seem to us to be quite an appropriate time, to sue out a writ of execution on a judgment after the term has passed when the judgment has become a finality. In other words, that was the ordinary course to pursue.

The contentions of complainants are wholly futile for the reason that even if their contentions were true, which is open to very much doubt, that Smith was not authorized to employ Grunewald to represent them and he did so without authority because then having paid no further attention to the suit after·the service of summons they must suffer a judgment against them by default for want of an appearance, so that if we read all their statements in the municipal court that Grunewald was out of the case, they are still in default. If Grunewald was in the case, then they were in default for lack of appearance at the time the case was called, and if he was not authorized to appear for them, and no one else did appear for them, then the defendant, plaintiff in the municipal court suit, was entitled to a

judgment by default, being the judgment which it caused to be entered. Being served with process in accordance with the contentions of defendant, complainants not being in court, a judgment was properly entered against them by default.

There is no evidence in the record supporting the contention that either the debt was paid before the judgment or that the amount of the judgment was paid subsequent to its being entered and, if there was, such evidence would be of no legal avail. If the amount of the debt was paid before the commencement of the suit, then that was a matter of substantive defense to that suit, and if the amount of the judgment was paid subsequent to its entry, then that was a matter that should have been disposed of within the jurisdiction of the municipal court upon application to that court, setting forth that fact, and asking the court to order a satisfaction of the judgment. Neither of these defenses was made.

No evidence but that of complainants was received in an attempt to impeach the return of service by the bailiff of the municipal court upon the summons served upon them. The return of an officer in due form cannot be impeached by the unsupported testimony of the party served with process. *Duffy v. Frankenberg*, 144 Ill. App. 103, in which case the return was in due form by the proper officer, and this court said:

"He has solemnly so certified in his written return of the writ, and such return cannot be impeached by the unsupported testimony of the defendant in that writ, or collaterally by any number of witnesses." *Sullivan v. Niehoff*, 27 Ill. App. 421; *Davis v. Dresback*, 81 Ill. 393.

In *Lancaster v. Snow*, 184 Ill. 534, it was held that the return of the sheriff of due service could not be impeached by the oath of the person upon whom service appears to have been made, and it was likewise held in

*Callender v. Gates,* 45 Ill. App. 374, that a return of service by an officer is not overcome by evidence of the defendant contradicting that of the return of the sheriff. *Botsford v. O'Conner,* 57 Ill. 72; and in *O'Conner v. Wilson,* 57 Ill. 226, the rule was carried to the point where it was held that if the officer making the service was dead, his return of service could not be impeached by parol evidence. *American Ins. Co. of Newark v. Keefer,* 208 Ill. App. 571. We find no holdings of courts of review to the contrary, and the doctrine was affirmed in the more recent case of *Marnik v. Cusack,* 317 Ill. 362, in which the court said:

"The stability of judicial proceedings, however, requires that the return of an officer made in the due course of his official duty and under the sanction of his official oath, should not be set aside merely upon the uncorroborated testimony of the person on whom the process has been served, but only upon clear and satisfactory evidence. . . . The only question necessary for our determination is whether the return has been impeached by such clear and satisfactory evidence as to show that the summons was not served on the plaintiff in error."

And the Supreme Court further said:

"The testimony of these deputies amounts to nothing, either to assist or impeach the service. Neither has any recollection but both relied upon their written memoranda. We must do the same, and the well established rule is that the return showing service cannot be overcome by the uncorroborated testimony of the defendant."

The case of *Marnik v. Cusack, supra,* was a bill in equity very similar to the one at bar, and the court refused to interfere with the judgment rendered in faith of the service of the summons attacked.

In *Duffy v. Frankenberg, supra,* it was held a judgment rendered by a court having jurisdiction of the

parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment in respect to its validity, verity or binding effect, by parties or privies in any collateral action or proceeding. And in *French v. Baker,* 21 Ill. App. 432, it was held that a judgment entered by default, where the court had jurisdiction, was as conclusive against collateral attack as a judgment in any other form.

In *Harris v. Lester,* 80 Ill. 307, it was held that the record of the court can never be contradicted, varied or explained by evidence beyond or outside the record itself. The record must be tried and construed by itself. This rule applies to evidence to contradict the finding of a court as to its jurisdiction by due publication of notice.

There is no finding in the decree impeaching the return of service upon complainants in the municipal court suit. The finding that the amount sued for in the municipal court was paid before the judgment was entered was a matter of defense in that court. There is no evidence of fraud on the part of the defendant in relation to the matters in controversy in the municipal court suit, which in any way misled complainants or procured them to do or fail to do anything in relation to such litigation. The failure of complainants to make any defense which they may have had to the case in the municipal court bars them from relief in equity. The municipal court had jurisdiction to entertain all the defenses which complainants bring into the case at bar for the first time in the bill in this cause, and if the judgment was improperly entered, they could, within the time allowed by statute, and the rules of the municipal court, have appeared and moved to vacate the judgment and for a new trial. Not having done so, they are impotent to invoke the aid of a court of conscience to relieve them against their own neglect in failing to make their defenses in the municipal court,

which had jurisdiction, if moved in apt time, to give all the relief prayed by the bill. *New York Life Ins. Co. v. Bangs,* 103 U. S. 608.

There is nothing in the evidence in this case, in the remotest degree, tending to show that defendant did any act to prevent complainants from making their defense at law by fraud, circumvention, deceit or accident. 34 Corpus Juris, §§ 712–719.

The final decree, as rendered, is neither supported by the proofs, nor is it responsive to the prayer for relief prayed for in the bill.

For the errors in this opinion pointed out, the decree of the circuit court is reversed, and the cause is remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded with directions.*

WILSON and RYNER, JJ., concur.