Oscar Linn, Trading as Austin Window Shade Company, et al., Complainants, v. Laramie State Bank of Chicago et al., Defendants.

Oscar Linn, Trading as Austin Window Shade Company et al., Appellants, v. Charles J. Klingel, Appellee.

Gen. No. 39,111.

Opinion filed January 4, 1937.   Rehearing denied January 18, 1937.

JOHN C. DE WOLFE and DOWLING & MURPHY, all of Chicago, for appellants; IRVING GOODMAN, of Chicago, of counsel.

MAXIMILIAN J. ST. GEORGE, of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Complainants appeal from an order which modified a prior decree by vacating that part of it which found that Charles J. Klingel was liable as a stockholder in the Laramie State Bank of Chicago.

In August, 1930, the Laramie State Bank of Chicago, an Illinois banking corporation, closed its doors and went into liquidation; thereupon complainants filed a representative suit on behalf of themselves and creditors of the bank to enforce the liabilities of the stockholders, and Charles J. Klingel was made a party defendant; the record shows that he was personally served with summons but filed no appearance nor answer; he was defaulted and on March 27, 1935, a decree was entered in accordance with the master's report against those defendant stockholders found to be liable, including Charles J. Klingel, who was decreed to be liable for the sum of $5,000 and costs.

May 16, 1935, Klingel filed a petition to vacate that part of the decree affecting him, on the ground that he had not been served with summons in the proceeding and was never a stockholder of the bank and had no knowledge of the entry of the decree until May 13, 1935, when he received a letter from the receiver of the bank notifying him that a decree had been entered

against him; complainants filed an answer to this petition and the matter was referred to a master who after hearing evidence reported, recommending that the decree of March 27, 1935, be vacated and set aside as to Klingel. Apparently there was a supplemental reference and a second report made, with the same recommendations. April 23, 1936, the chancellor overruled exceptions to the master's report and entered a decree finding that Klingel had never been served with process, was never a stockholder in the Laramie State Bank, and did not know of the decree against him until on or about May 10, 1935, and it was ordered that so much of the decree of March 27, 1935, as referred to Klingel should be vacated and set aside.

The first question presented is whether Klingel was personally served with summons. On the hearing before the master, in answer to a question as to whether he had been served with summons in this cause, Klingel replied in the negative. No evidence tending to corroborate this denial was offered.

As against this unsupported statement we have the sheriff's return which shows that Charles J. Klingel was personally served with summons in this cause on September 14, 1931. The deputy sheriff who made the return testified he served the summons on the defendant in a grocery store or butcher shop; Klingel had testified that he kept a butcher shop at 5136 W. Chicago avenue. Robert E. Dowling, an attorney and one of the solicitors for complainants, testified that he placed a summons bearing the name of Charles J. Klingel, as one of the defendants, in the hands of the sheriff of Cook county, directing that it be served upon defendant Klingel at 5136 W. Chicago avenue; that in the latter part of September, 1931, Klingel personally called upon him at his office and that Klingel had a copy of the original summons in his hand; that Klingel asked him what he should do with reference to the

matter and that the witness advised him to pay his liability or retain an attorney to defend him.

Martin T. O'Brien, receiver of the bank, testified that on February 27, 1935, he sent a letter in a duly stamped and properly addressed envelope directed to Charles J. Klingel at 5136 W. Chicago avenue; that the letter was sent by him as receiver in the stockholders' liability suit; that Klingel called upon the witness, O'Brien, at the latter's office on March 4, 1935, with reference to this letter and they had a conversation concerning it. Again in the early part of March, 1935, Klingel called upon Dowling with a copy of the letter received by him from O'Brien, receiver; he told Dowling that he had called at his office two or three times previously to see him concerning O'Brien's letter; Dowling told Klingel that the decree had been virtually completed and would soon be presented to the court, and that if he desired to save additional expense and court costs it would be better for him to settle his liability rather than wait until after the decree had been entered. It should be noted that Klingel in his sworn petition alleged that he first knew of the pendency of the stockholders' liability proceeding on May 13, 1935, when he received a letter from O'Brien. This is contrary to his testimony that when he received O'Brien's letter of February 27th he called upon Mr. O'Brien and Mr. Dowling on March 4, 1935.

In *Marnik v. Cusack,* 317 Ill. 362, where the defendant swore he was not served with summons, although the sheriff's return showed to the contrary, the court said:

"The stability of judicial proceedings, however, requires that the return of an officer made in the due course of his official duty and under the sanction of his official oath should not be set aside merely upon the uncorroborated testimony of the person on whom the process has been served but only upon clear and

satisfactory evidence.'' This rule has been repeated and emphasized in so many decided cases as to become axiomatic. Among these cases are *Moore v. Robbins Machinery & Supply Co.*, 252 Ill. App. 24; *Smith v. Zuta*, 247 Ill. App. 203; *Sullivan v. Niehoff*, 27 Ill. App. 421; *Lancaster v. Snow*, 184 Ill. 534; *Stasel v. American Home Security Corp.*, 279 Ill. App. 172; *Lewis v. West Side Trust & Sav. Bank*, 286 Ill. App. 130; *Harrison v. Hart*, 21 Ill. App. 348; *Hunter v. Stoneburner*, 92 Ill. 75. And 50 C. J. 579, says:

''In accordance with the rule requiring clear and convincing proof to overcome a return of process, it cannot be impeached by the unsupported testimony of the party upon whom service is stated by the officer to have been made, or of another single witness, even though the officer fails to recall the service.''

In the light of this established rule it hardly needs argument to demonstrate that both the master in his report and the chancellor in his decree committed grave error in accepting the uncorroborated statement of Klingel that he was never served with summons in the face of the testimony of the witnesses showing clearly that this statement was untrue. The evidence is convincing that the defendant, Charles J. Klingel, was served with summons on September 14, 1931. This point alone is sufficient to require a reversal of the decree of April 23, 1936.

However, we note the claim that Klingel was never a stockholder in the Laramie State Bank. It is sufficient to say that the stock certificate books and the stock ledger of the Laramie State Bank, which were introduced before the master, show conclusively that Charles J. Klingel of 5136 W. Chicago avenue was the holder of stock certificate No. 54 for 50 shares of capital stock of the Laramie State Bank from October 20, 1925, to November 23, 1927. Also, there was abundance of evidence by public accountants that Klingel was a stockholder at this time, during which period

the liabilities which accrued were over $13,000. The only evidence to the contrary is the unsupported statement of Klingel that he had never been a stockholder of the bank. In view of this record it is difficult to understand how the master and the chancellor could ignore the evidence and make the finding which was made.

Counsel for Klingel seems to take refuge in the assertion that the original report of the master with the evidence is not before us on this appeal. We do not see how the questions presented by this appeal could be determined without the entire record. Moreover, it was stipulated by the parties that in making up the transcript of record for this appeal the original reports of the master in chancery would be used.

For the reasons indicated the order of April 23, 1936, is reversed and the cause is remanded with directions to expunge it from the record and to affirm the decree of March 27, 1935, in so far as it finds Charles J. Klingel liable in the sum of $5,000.

*Reversed and remanded with directions.*

Matchett, P. J., and O'Connor, J., concur.