(No. 16413.—Judgment affirmed.)
ANTON MARNIK, Plaintiff in Error, *vs.* BERNICE CUSACK, Defendant in Error.

*Opinion filed April 24, 1925—Rehearing denied June 9, 1925.*

1. PROCESS—*when relief may be granted against false return of summons.* Where a sheriff or other officer has made a false return of a summons, whether wrongfully and intentionally or innocently by mistake, relief against the consequences of such return may be granted to the person injured, either in a court of equity or law, according to the circumstances, where there is clear and satisfactory proof that the return was false.

2. SAME—*what is not sufficient proof that the return was false.* The return of an officer made in the due course of his official duty and under the sanction of his official oath will not be set aside upon the uncorroborated testimony of the person on whom the process has been served, and failure of the officer making the return to remember the service is not such clear and satisfactory proof as to impeach the return, which recites that service was had.

3. EVIDENCE—*what evidence is not competent to show service of summons.* Letters by attorneys of the plaintiff notifying the defendant of the cause of action and of the intention to bring suit are not competent to prove service of summons on the defendant.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

GEORGE B. COHEN, and A. H. COHEN, for plaintiff in error.

CALLAHAN & CALLAHAN, and CHARLES P. R. MACAULAY, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

On October 16, 1920, Bernice Cusack, an infant of the age of four years, by her father as her next friend, brought an action on the case for $10,000 damages to the November term of the superior court of Cook county against An-

ton Marnik. A declaration was filed counting on the negligent operation of an automobile on August 21, 1920, by which the plaintiff was injured. The summons was returned served on October 20. No plea was filed but no default was taken until March 15, 1922, when the defendant was defaulted, the damages were assessed by a jury at $2500, and judgment was rendered for that amount. No execution was issued, but the plaintiff's attorneys, by mail, on April 11 and on April 20 demanded payment of the judgment. Thereupon the defendant filed a bill in equity in the superior court alleging that he had not been served with summons; that he did not own or operate the automobile alleged to have caused the injury complained of, and its driver was not his employee or agent; that he had no knowledge of the judgment until after the expiration of the term at which it was rendered, and therefore could not move to set aside the judgment, pray an appeal or procure a bill of exceptions during the term, so that he had no remedy at law. The bill prayed for the vacation of the judgment, the granting of a new trial in the action, and for an injunction, in the meantime, against the collection of the judgment. An answer was filed denying the allegations that the complainant was not served with summons or that he had a meritorious defense to the action, the cause was referred to a master, who reported recommending the dismissal of the bill for want of equity, and the court, after overruling exceptions to the report, entered a decree in accordance with the recommendation. The Appellate Court affirmed the decree on the complainant's appeal, and he has sued out a writ of *certiorari* for the review of the record.

Where a sheriff or other officer has made a false return, whether wrongfully and intentionally or innocently by mistake, relief may be granted by a court of equity or law, according to the circumstances, to the person injured by the false return, against the consequences, and this has frequently been done. (*Owens* v. *Ranstead,* 22 Ill. 161 ; *Brown*

v. *Brown,* 59 id. 315; *Hickey* v. *Stone,* 60 id. 458; *Sibert* v. *Thorp,* 77 id. 43; *Jones* v. *Neely,* 82 id. 71; *Kochman* v. *O'Neill,* 202 id. 110; *Hilt* v. *Heimberger,* 235 id. 235.) The stability of judicial proceedings, however, requires that the return of an officer made in the due course of his official duty and under the sanction of his official oath should not be set aside merely upon the uncorroborated testimony of the person on whom the process has been served but only upon clear and satisfactory evidence. *Davis* v. *Dresback,* 81 Ill. 393; *Kochman* v. *O'Neill, supra.*

The only question necessary for our determination is whether the return has been impeached by such clear and satisfactory evidence as to show that the summons was not served on the plaintiff in error. Marnik testified that the summons was not served upon him and he knew nothing of the suit until after the term at which the judgment was rendered. The return of the summons was made by Larsen, a deputy sheriff, whose duty it was to serve writs in the district in which Marnik lived. When first called on September 11, 1922, nearly two years after the date of the service, he first testified that while he made the return he did not remember serving the writ. On cross-examination he said that he did not serve it himself but that he remembered giving it to Kruckstein, another deputy. He further testified that he was pretty sure he gave it to Kruckstein, and that officers many times give writs to one another to serve, and the man in whose territory it is signs the return. Kruckstein testified that he never served anybody on Monticello avenue,—the street on which Marnik lived. He remembered that Larsen gave him the summons which he served, but he did not know whether it was the summons in controversy or not. Whenever he served a summons or failed to serve one he made a memorandum of it and gave it to Doc Smith, who was the clerk of returns in the sheriff's office. He further testified that he did not sign this return. His handwriting was not on it. Larsen was on

the witness stand two or three times after this, and stated that he did not remember whether he served the writ or not; that he believed he served it; that the memorandum, "Personal, October 20," on the summons was in his handwriting; that he had no independent recollection of the writ; that his records showed that he served a summons on Anton J. Marnik; that he was not testifying from his memory but from his records and had absolutely no recollection now upon whom he served the writ or where.

The testimony of Larsen and Kruckstein amounts to nothing, either to assist or impeach the service. Neither has any recollection but both rely upon their written memoranda. We must do the same, and the well established rule is that the return showing service cannot be overcome by the uncorroborated testimony of the defendant. The failure of the officer making the return to remember the service is not such clear and satisfactory proof that service was not made as to impeach the return.

It is unnecessary to discuss the existence of a defense. After the plaintiff in error was served it was his duty to present his defense in the action at law, and he cannot be relieved against his own neglect to do so. The letters written by the attorneys of the defendant in error to Marnik notifying him of her cause of action and of their intention to bring suit were not competent evidence, as they had no tendency to prove service of the summons. They were not entitled to any consideration in determining that question, but their reception did no harm, for the decree is sustained by the evidence without them.

The interview of the defendant in error's father with Marnik was competent upon the question of Marnik's defense because the father testified to admissions by Marnik of ownership of the automobile, but it could not affect the decree, for whether Marnik had a defense or not, having been served with summons he was not entitled to relief.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*