Glenn Hoagland, Plaintiff Appellant, v. William B. Brown, d/b/a General Spray Service of Peoria, Defendant Appellee.

Gen. No. 65–80.

Third District.

June 1, 1966.

Winget & Winget, of Peoria, for appellant.

Leiter, Newlin, Fraser, Parkhurst & McCord, of Peoria, for appellee.

STOUDER, J.

This is an appeal from the Magistrate Division of the Tenth Judicial Circuit, Peoria County, in which Appellant seeks the reversal of an order of said court dismissing William B. Brown, d/b/a General Spray Service of Peoria, as a party Defendant and adding General Spray Service, Inc. as a party Defendant.

The matter comes before this court on the pleadings of the parties, which pleadings consist of a complaint, a motion to dismiss and an affidavit in support of said motion. Appellant's complaint is brought against William B. Brown, d/b/a General Spray Service of Peoria, on a contract, a copy of which is attached to the complaint, and an offer to perform certain work for Appellant which offer was accepted by Appellant and a copy of which is attached to the complaint. Appellee moved his dismissal as a party Defendant and the addition of another party, a corporation known as General Spray Service, Inc., as party Defendant under sections 21(3) and 45(1) of chap 110, Ill Rev Stats, 1963. The motion states that the party with whom Appellant contracted is shown on the face of the contract to be General Spray Service, Inc. and that Appellee's name does not appear on the face of the contract, that the offer was made by the same corporation and that Appellee's name does not appear on the face of said offer. The affidavit in support of this motion was signed by a person purporting to be the secretary and office manager of an Illinois corporation known as Central Illinois General Spray Service, Inc., operating under the name General Spray Service of Peoria. The affidavit states that this corporation was created on March 15, 1961, and dissolved on May 3, 1965, and that during this period it was the franchised operator for General Spray Service, Inc., a foreign corporation, and the only such franchised operator. That Central Illinois General Spray Service, Inc. operating under the name General Spray Service of Peoria performed the work for Appellant under the contract and that Appellee was not authorized to use the name of General Spray Service, Inc. nor did he do business under the name General Spray Service of Peoria and finally that Appellee was one of the incorporators of Central Illinois General Spray Service, Inc., was the pres-

241

ident of this corporation from the date of its incorporation to the date of its dissolution, and that Central Illinois General Spray Service, Inc. is the proper defendant in this suit whereas William B. Brown is not and should be dismissed.

The order entered by the trial court orders "that the defendant William B. Brown be dismissed as a party defendant, on grounds of misnomer, and that the General Spray Service, Inc., a corporation, be added as a party in this action, and named as a defendant."

The contract which is the subject of the controversy shows on its face that it is a contract order form of General Spray Service, Inc. and that the franchised operator was General Spray Service of Peoria. The terms of the agreement include that the services will be performed by the duly authorized operator named on the face of the order, that only the named Franchised Operator may use the equipment and supplies of General Spray Service Inc. and that the only equipment and supplies to be used are those of General Spray Service, Inc., that the Franchised Operator agrees to an unconditional refund if the customer is dissatisfied for any reason not specifically excluded and that the warranties are made by the Franchised Operator. The offer contains only the name General Spray Service, Inc. under which appears General Spray Service of Peoria, a telephone number and address, the name and partial address of Appellant, the date and the work to be done and costs thereof. No signatures appear anywhere on either instrument.

The statutes under which Appellee filed his motion are as follows:

Chapter 110, section 21(3), Ill Rev Stats 1963, "Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time before or after judgment, on motion, upon any terms and proof that the court requires."

242

Chapter 110, section 45(1), Ill Rev Stats 1963, "All objections to pleadings shall be raised by motion. The motion shall point out specifically the defects complained of, and shall ask for appropriate relief, such as: that a pleading or portion thereof be stricken because substantially insufficient in law, or that the action be dismissed, or that a pleading be made more definite and certain in a specified particular, or that designated immaterial matter be stricken out or that necessary parties be added, or that designated misjoined parties be dismissed, and so forth."

 Issues concerning sections 21(3) and 45(1), chap 110, Ill Rev Stats 1963, are properly raised by motion. If in fact there was "misnomer" a proper relief as provided by section 21(1), chap 110, Ill Rev Stats 1963, is not dismissal of a party but correction of a name. The true test in this case is whether the party sued is the real party in interest and if so his only recourse is to correct his designation if incorrect. Pennsylvania Co. v. Sloan, 125 Ill 72, 17 NE 37; Pond v. Ennis, 69 Ill 341; Proctor v. Wells Bros. Co., 262 Ill 77, 104 NE 186. Failing to do so he is bound by whatever action the court may take under whatever name is used. Ferenc v. Walden W. Shaw Auto Livery Co., 210 Ill App 340; Goff v. Will County Nat. Bldg. Corp., 311 Ill App 207, 35 NE2d 718; Livestock Corp. v. Keller, 336 Ill App 282, 83 NE2d 356. Nowhere does Appellee argue that he was not the real party in interest, or that Appellant has mistaken him for someone else nor does he suggest by what name he should have been designated. We cannot agree with the trial court that this is a case of misnomer.

Likewise we do not believe that section 45(1) is applicable to the situation presented. There is nothing in the pleadings to show the proper party Defendant to be anyone other than Appellee. Appellee states categorically that he is not the proper party but that General

Spray Service, Inc. is. This is merely a conclusion and is not supported by his affidavit which states still another conclusion, that the proper Defendant is not Appellee but Central Illinois General Spray Service, Inc. We cannot tell from these pleadings who acted for the designated Franchised Operator, we cannot determine why the designated Franchised Operator chose to operate under another name and a name which did not indicate its corporate status. We can only determine that the apparent contracting party was General Spray Service of Peoria. Appellant says that this was the name under which Appellee operated, Appellee says this was the name under which a corporation operated but admits that he was the president of that corporation. In reality Appellee is arguing only that he is not liable to Appellant because someone else is and for this reason he sould be dismissed. Proof that another is liable with Defendant does not tend to show that Defendant is not liable. Wilson v. Wilson, 235 Ill App 385. These are not matters contemplated under section 45(1). Stedman v. Spiros, 23 Ill App2d 69, 161 NE2d 590; Toledo v. Brown, 375 Ill 438, 31 NE2d 767.

We will not consider whether or not Appellant could have filed counteraffidavits under section 48(1) (i), chap 110, Ill Rev Stats 1963. Appellee's motion was specifically made under sections 21(3) and 45(1) of said chapter and was granted on grounds of misnomer which could only be section 21(3).

For the reasons stated we find the order of the Circuit Court of Peoria County to be erroneous and said order is hereby reversed and the cause remanded with directions to proceed in accordance with the views herein expressed.

Reversed and remanded.

CORYN, P. J. and ALLOY, J., concur.