**Robinwoods West, Inc., a Corporation, Plaintiff-Appellant, v. Arnold I. Kramer, Defendant-Appellee.**

Gen. No. 54,360.

First District, Fourth Division.

August 5, 1970.

Teller, Levit & Silvertrust, of Chicago (Richard J. Ladon, of counsel), for appellant.

Arnold I. Kramer, pro se, of Chicago, appellee.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

Plaintiff appeals from an order quashing service of summons and vacating a prior judgment against defendant. An appeal is also taken from an order denying plaintiff's motion for a rehearing of the motion to quash.

On March 29, 1968, plaintiff instituted an action at law against defendant to recover damages for conversion of funds and breach of contract.* A summons was issued and directed to the law office of defendant. A deputy sheriff of Cook County made a return reflecting that service of summons was personally made on defendant.

---

* The Rembert Mortgage Corporation was also a defendant and service was allegedly made by serving defendant Kramer. The disposition of the Mortgage Corporation's interest in this litigation is of no concern to the resolution of this appeal.

On June 27, 1968, plaintiff secured a default judgment against defendant upon his failure to respond to the summons. The judgment was in the amount of $10,125, malice was found to be the gist of the action and the order further provided that an execution and a capias ad satisfaciendum be issued.

On January 31, 1969, defendant was taken into custody on the capias and released the same day upon the posting of the requisite bond. On February 24, 1969, defendant appeared specially and moved to quash the service of summons. At this time the original summons was lost and defendant was unable to determine the date he allegedly had been personally served, so defendant executed and filed an affidavit which recited that neither he nor any member of his family had been served with a summons in the instant litigation. The matter was set for a hearing on March 19, 1969, on which date it was continued to April 8, 1969, and then to April 15, 1969, when the hearing took place.

On April 15, 1969, defendant appeared pro se and filed an additional affidavit wherein it was recited that plaintiff's counsel had furnished him with a copy of a "restored" summons on March 24, 1969, indicating service was personally made on defendant on April 1, 1968. This affidavit further stated that the "purported service was false and a physical impossibility inasmuch as he was in the State of California from the period of March 30th, thru April 2, 1968." Defendant initiated the hearing by making a statement and alluding to his two affidavits and offered into evidence, in support of the two affidavits, a paid motel bill (Exhibit "A"). This exhibit was offered into evidence without any objection by plaintiff. Although there appears to be no specific ruling on the admission of Exhibit "A", both parties and the trial judge regarded it as having been admitted. Plaintiff did argue its sufficiency but not its admissibility. The exhibit re-

flected that the Ramada Inn, at Brawley, California, rented Room 104 to an Arnold Kramer of 19 S. LaSalle St., Chicago, Illinois, on March 30, 31 and April 1, 1968, and that $28.09 was paid on April 2, 1968.

Plaintiff's counsel then said that he presumed the foregoing was all the evidence defendant desired to present and if so, it was insufficient to overcome the return of the deputy sheriff, because it was uncorroborated and was not clear and convincing.

At this juncture, defendant was given leave to address the court and proceeded to argue his evidence and its sufficiency. The proceedings were very informal. Plaintiff's counsel then argued that Exhibit "A" was not corroborative of the affidavits and further that the paid bill had not been authenticated and "was totally improper." A colloquy ensued between the court and both counsel regarding the sufficiency of defendant's evidence. The court then ruled that the summons be quashed.

Plaintiff relies upon the following two contentions in urging this court to reverse the trial court's judgment:

(1) the evidence was insufficient to impeach the return of the sheriff and

(2) plaintiff was deprived of an opportunity to respond to defendant's evidence.

In support of his first contention plaintiff cites Marnik v. Cusack, 317 Ill 362, 364, 148 NE 42 wherein the court said:

"The stability of judicial proceedings, however, requires that the return of an officer made in the due course of his official duty and under the sanction of his official oath should not be set aside merely upon the uncorroborated testimony of the person on whom the process has been served but only upon clear and satisfactory evidence."

Plaintiff also cites Pyle v. Groth, 15 Ill App2d 361 (1957) wherein it was held that a sheriff's return on a summons is prima facie proof of service and can be overcome only by clear and convincing proof.

██ Defendant's affidavits, corroborated by the exhibit from the Ramada Motel in California, contradicted the prima facie proof of service. We hold that defendant's evidence therefore satisfied the requirements enunciated in Marnik and Pyle, supra. We believe that a finding against defendant would be contrary to the manifest weight of the evidence and the trial court properly found that the evidence clearly and satisfactorily established that the deputy sheriff's return was not correct.

In regard to plaintiff's second contention, the record is devoid of any request or effort on the part of plaintiff to present any evidence other than the return of the deputy sheriff. We find the second contention to be without merit.

On May 6, 1969, plaintiff filed a motion to vacate the order quashing the service of summons and vacating the default judgment. This motion also requested that defendant be ordered to produce Exhibit "A" for copying and inspection.

The motion was heard on May 27, 1969, and plaintiff alleged that an objection was made to the introduction of Exhibit "A" into evidence; that there was no evidence to establish the authenticity of the Exhibit "A"; that defendant failed to testify that he in fact was at the motel on the dates stated in Exhibit "A" and that no ruling was ever made by the court as to the admissibility of Exhibit "A." The remainder of the motion was devoted to an argument as to the sufficiency of evidence to overcome the presumption of service by clear and convincing proof and that defendant was not corroborated in his evidence as to lack of service. There was no allegation

in this motion that plaintiff had been precluded from presenting any additional evidence at the hearing.

Plaintiff argued the merits of the motion, defendant responded and the court properly denied the motion. There was nothing in the motion or argument that had not been substantially presented or argued to the court during the previous hearing, except the request for the production of Exhibit "A" for inspection and copying prior to the hearing for the motion for a rehearing. No suggestion or reason was advanced for this latter request, although plaintiff's counsel did remark that he had people checking on the exhibit, and at the proper time he would introduce such testimony. This remark by plaintiff's counsel strongly suggested that there was evidence that attacked the competency and credibility of the exhibit. None was produced.

Therefore, we affirm the judgment.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.