LEATHEL N. INGRAM, Plaintiff-Appellee, *v.* MFA INSURANCE COMPANY, Defendant-Appellant.

(No. 72-379;

Second District—April 10, 1974.

Knight & Knight, of Rockford, for appellant.

Reese, Schlueter & Ecklund, of Rockford, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, Leathel N. Ingram, sued to recover from defendant, MFA Insurance Company, the amount necessary to satisfy a judgment which had been obtained against Ingram as a result of a personal injury action. A default judgment was entered in favor of the plaintiff in the amount of $6,000 and costs, from which defendant appeals.

The complaint was filed on May 11, 1970. On May 12, 1970, summons was served on George M. Campbell as the purported agent for MFA Insurance Company with a return date of June 12, 1970. On July 21, 1970, plaintiff filed a motion for a default judgment for failure of defendant to enter an appearance or answer. On September 4, 1970, the court found defendant in default and entered judgment. On January 22, 1971, the defendant filed a "special appearance", and a motion to quash summons. It also moved to vacate the judgment and to vacate a previous order in which plaintiff had been permitted to withdraw his jury demand without giving defendant notice. On February 4, 1971, the court denied defendant's pleadings with leave to file a subsequent petition. Defendant filed a motion for vacation of the default judgment order supported by affidavits on February 8, 1971. After several continuances and hearings on motions and amendments an order was entered on April 24, 1972, denying defendant's motion for entry of an order quashing the summons, writ and return. Subsequently on August 5, 1972, the court denied defendant's motion to vacate the judgment. Defendant appeals from the denial of both the April 24, 1972, and the August 5, 1972, orders; and further asks that the judgment of September 4, 1970, be reversed outright or reversed and remanded.

To support its claim that the summons should be quashed, defendant called George M. Campbell who testified that he maintained an office at 1101 Broadway in Rockford in 1970 as an insurance agent "For the MFA Insurance Companies". He stated he had contracts to act as agent for the MFA Mutual Insurance Company, the Countryside Casualty Company, the MFA Security Finance Company, and the MFA Life Insurance Company. He was the only agent doing business out of the Broadway office accepting premiums for MFA insurance sold and sending them to their respective companies for delivery of the appropriate policies. Although separate forms, labels and title were available for use for each company, Campbell admitted having forms with the MFA Insurance Company designation. Campbell further stated that MFA Insurance Company was the designation under which the insurance companies did business. He first stated and then later denied that the telephone listing was in the name of MFA Insurance Company. An MFA insignia or decal was visible on the window on the ground floor premises which Campbell occupied with other noninsurance tenants. At one point he testified that there was also an MFA insigna on his office door but later denied such marking.

Campbell denied knowing plaintiff in 1967 and further stated that he was not served a summons and complaint in the case on May 12, 1970, in person or by mail. At first, he denied speaking to plaintiff's attorney on May 12, 1970; but later said he did not remember acknowledging receipt of service or telling plaintiff's attorney that he sent the summons to Springfield. He similarly denied speaking to the process server; but later said he did not remember telling the process server that he would not accept service. He did explain, however, that had he been served he believes that he would have remembered it.

Richard A. Moran, an attorney employed by MFA Mutual Insurance Company, corroborated Campbell's testimony that MFA Insurance Company was merely a trade name under which the MFA group of companies did business. He said that MFA was admitted to do business in Illinois under the Insurance Code and that the state office of the MFA Mutual Insurance Company was in Springfield. He testified that Campbell was an agent for all four companies of the MFA group. The witness stated that a copy of the summons was first received by him in January of 1971 and that Campbell had never telephoned or sent a summons and complaint. He further testified that no service was made upon the director of insurance.

The process server, Edwin White, testified that when he arrived at the office building on Broadway the receptionist said that the representative of MFA was not there but that he would return shortly; that she

pointed him out as he walked to the front of the building and said, "That is his name on the door, George Campbell," which the witness wrote down before he walked outside. White did not have the name George M. Campbell before going to make service; did not know Campbell personally in 1970; nor did he know the girl at the front of the office. He testified that service was made on a public sidewalk on the man pointed out by the secretary before the person entered the building; and that the person served said nothing other than that he was not going to take any summons. Following this, White called plaintiff's attorney to tell him that the person served was hostile.

■■ Defendant's first contention, that the summons should be quashed because the return of service has been impeached, is not persuasive. Generally, a sheriff's return is prima facie evidence of service which cannot be set aside merely upon the uncorroborated testimony of the person served, but only by clear and satisfactory evidence. (*Marnik v. Cusack* (1925), 317 Ill. 362, 364.) When a corporation is sued, however, an officer's return as to the fact of the agency of the person served is not conclusive since it involves a matter which is not presumptively within the personal knowledge of the officer and may thus be placed in issue by a denial of the fact. *Mineral Point R.R. Co. v. Keep* (1859), 22 Ill. 9, 16-17; *Harris v. American Legion Post No. 838* (1973), 12 Ill.App.3d 235, 239-241.

In the affidavit filed by defendant with its motion to quash the summons and return, George M. Campbell stated that he had never been served with process and a copy of the complaint and had never been an agent of "a non-existent entity", MFA Insurance Company. The affidavit would have been a proper basis to quash the summons and purported return if uncontradicted. (See *Harris v. American Legion Post No. 838* (1973), 12 Ill.App.3d 235, 241-242.) Here, evidence was taken which in effect contradicted the affidavit that Campbell was not defendant's agent. Campbell in explaining a previous answer wherein he denied that he was an agent in 1970 for "some entity known as the MFA Insurance Company" but that a number of companies were represented "under the umbrella, the MFA Insurance Companies", responded to the inquiry:

> "Q. You testified earlier as to something about an umbrella. What did that refer to?
>
> A. Well, that would be the heading of the MFA Insurance Companies, controlling or governing—if that is the proper wording, I don't know—the Countryside Casualty Company, the MFA Mutual Insurance Company, and the MFA Life Insurance Company."

Further, Richard A. Moran, an attorney for the MFA Mutual Insurance Company, testified that in 1970 Campbell was an agent for the four companies doing business under the trade name of "MFA Insurance Company". Testimony also established that defendant received and cashed checks made payable to "MFA Insurance Company". On this evidence the court properly concluded that Campbell was, in fact, an agent for the defendant as stated in the return of service.

The statement on the return of service that Campbell was the person served stands on a somewhat different footing. Unlike the conclusion of agency, this is considered a fact within the knowledge of the process server and the return is prima facie evidence of service upon Campbell which cannot be set aside upon the uncorroborated affidavit or testimony of the person purportedly served. (*Marnik v. Cusack* (1925), 317 Ill. 362, 364.) Further, the testimony of Campbell in this regard was not the clear and satisfactory evidence required to set aside the service. The witness did not "remember" the conversation with the process server, which was considerably less positive than the denial of any service stated in the affidavit. Similarly, Campbell did not deny having a telephone conversation with plaintiff's attorney in 1970 concerning the service of summons, but stated he did not remember the conversation. In weighing the credibility of Campbell's testimony, the court could well have considered various inconsistencies as to the designation of the MFA insurance insignia and the telephone listing for the MFA Insurance Company.

■■ Sheriff White's testimony by contrast was positive as to the manner in which he identified and served George M. Campbell. White also confirmed the fact of service and the agent's hostility by a telephone call to the secretary for plaintiff's counsel about an hour and a half after service was made. Contrary to defendant's contention, the trial court's finding that service of process was made upon an agent of the defendant corporation as provided in section 13.3 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 13.3) is amply supported by the record.

■■ Defendant also contended that no service of process was made upon the director of insurance as provided by section 511 of the Insurance Code of (Ill. Rev. Stat. 1969, ch. 73, par. 1065.58) as amended. However, the provision sets forth a requirement for applicant non-resident corporations, partnerships, or associations which seek to do business in Illinois. It does not preclude service upon a foreign insurance corporation through its agents in the state, but merely establishes the director as an alternative attorney upon whom process may be served. Since we have decided that service was properly made under section 13.3 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 13.3), failure to serve the director is of no consequence.

Defendant also argues that the judgment should be vacated because Countryside Casualty Company was a necessary party but not made such in the pleadings in accordance with section 21(3) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 21(3)); and because no notice of waiver of jury demand was given prior to entry of default pursuant to section 64(1) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 64(1)). It also argues that MFA Insurance Company is a non-existent entity so that the judgment against it is void and can have no effect on the Countryside Casualty Company which plaintiff claims insures him but which has denied coverage.

■■ Defendant's argument that MFA Insurance Company is a non-entity and that the judgment against it is void is without merit. Where summons is served upon a party and the circumstances are such as to indicate that he is the person intended to be sued, he is subject to the judgment even though the process and judgment do not refer to him by his correct name. *Janove v. Bacon* (1955), 6 Ill.2d 245, 250; *Livestock Mortgage Credit Corp. v. Keller* (1949), 336 Ill.App. 282, 286. See also Ill. Rev. Stat. 1969, ch. 110, pars. 21(3), 26.

■■ In this connection plaintiff has moved in this court to amend the name of the party defendant to Countryside Casualty Company, a Missouri Corporation, d/b/a MFA Insurance Company. We have taken the motion and defendant's objections to the motion with the case. We note, however, that plaintiff's motion fails to meet the requirements of Rule 362(b) in that the supporting affidavit is deficient. Nonetheless, in view of the admissions of record which indicate a telephone listing and the doing of business under the name of MFA Insurance Company, we find that plaintiff's reliance on the name in designating the defendant was reasonable. Further, the amendment required is not a substantive matter but a formal one and in conformity with the record. (See Ill. Rev. Stat. 1971, ch. 7, par. 2; *People v. Sirinsky* (1970), 47 Ill.2d 183, 187-8; *People v. Rosario* (1972), 4 Ill.App.3d 642, 647.) We note also that counsel for defendant has appeared on behalf of "MFA Insurance Company" throughout, has filed an affidavit stating he is the attorney for the defendant, MFA Insurance Company. Richard A. Moran, who testified that he was the attorney for the MFA Mutual Insurance Company, has filed an answer to the request for admission of fact: "MFA Insurance Company, defendant, by Richard A. Moran"; and policies are issued under the heading of MFA Insurance Companies. (See *Hoagland v. Brown* (1966), 71 Ill.App.2d 240, 243.) Accordingly, we have decided to correct the misnomer by an exercise of our appellate authority under Supreme Court Rule 362(f) (Ill. Rev. Stat. 1971, ch.

110A, par. 362(f)). *Simonson v. Simonson* (1970), 128 Ill.App.2d 39, 48; *City of Palos Heights v. Pakel* (1970), 121 Ill.App.2d 63, 75.

Defendant next contends that the court improperly denied its motion to vacate the judgment under the provisions of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72). We have disposed of that portion of defendant's argument based upon its attack on the service of process.

We next consider defendant's claim that we should afford section 72 relief for the following reasons: it was not notified of the entry of the default judgment of September 4, 1970, pursuant to Ill. Rev. Stat. 1971, ch. 110, par. 50.1; no proofs were presented at the time of default; it did not know of the judgment until it was advised by a letter of January 11, 1971, that plaintiff would serve a citation to discover assets; it was not given notice of the plaintiff's intention to waive the jury prior to default; it has a meritorious defense, and the judgment should be vacated in the interest of substantial justice.

■■ Plaintiff's waiver of jury before default in the absence of defendant's appearing or answering after service upon it does not void the judgment. See *Acosta v. Burris* (1964), 47 Ill.App.2d 201, 205.

■■ The failure to notify defendant of the entry of the default judgment also does not make the judgment void. (See *Watts v. Medusa Portland Cement Co.* (1971), 132 Ill.App.2d 227, 230.) It is a factor which may in particular circumstances make a default judgment more vulnerable to a section 72 petition (*Elfman v. Evanston Bus Co.* (1963), 27 Ill.2d 609, 614); but it does not excuse a defendant from the burden of showing the exercise of due diligence. *Johnson-Olson Floor Coverings, Inc. v. Branthaver* (1968), 94 Ill.App.2d 394, 400; *Houston v. Churchill* (1968), 100 Ill.App.2d 56, 59.

■■ Nor is the judgment voided by the failure of the court to hear proofs on the default. (See *Schwartz v. Moats* (1971), 3 Ill.App.3d 596, 599; *Johnson-Olson Floor Coverings, Inc. v. Branthaver* (1968), 94 Ill.App.2d 394, 402.) Cases cited by the defendant such as *Hall v. McMillian* (1972), 8 Ill.App.3d 448, and *Elfman v. Evanston Bus Co.* (1963), 27 Ill.2d 609, which involve proof of unliquidated damages in a default hearing without notice, are distinguishable on their facts. Here the complaint sets forth the amount which had been previously reduced to judgment against plaintiff and the judgment below is for the same amount.

In the case before us the motion for a default judgment was not filed until July 22, 1970, some 40 days after the return date. The default judgment was not taken until September 4, 1970, and defendant did not file its first pleading until January 22, 1971. In addition, there was testi-

mony that defendant's agent Campbell had a telephone conference with plaintiff's attorney in 1970 concerning the service of summons and also some indication on the record that counsel for plaintiff had been in continuing contact with adjusters and attorneys for the insured, Leathel Ingram.

■■ The trial court held that on the whole record defendant had not sustained its burden of proving that the judgment entered September 4, 1970, should be vacated. The discretionary ruling of the trial court on a section 72 petition will not be overturned unless there is abuse of discretion. (*Harder v. Advance Transportation Co., Inc.* (1960), 26 Ill.App. 2d 439, 446-449, 452; *Megan v. L. B. Foster Co.* (1971), 1 Ill.App.3d 1036, 1039.) We find no such abuse of discretion here.

The trial court could well have concluded that the position defendant finds itself in was the result of its own neglect based in part on its belief that it could rely on its various arguments that the judgment was void and could be disregarded, including the defense that a non-entity was being sued; and based upon its apparent erroneous belief that it could assert at any time a defense that the policy of insurance with plaintiff which was in effect prior to the accident was not in effect at the time of the accident because of non-payment of premiums, although concededly it was renewed subsequently on acceptance of premiums. However, the absence of estoppel or waiver circumstances has not been clearly established. Compare *Zak v. Fidelity-Phenix Insurance Co.* (1966), 34 Ill.2d 438, 443-444; *Wille v. Farmers Equitable Insurance Co.* (1967), 89 Ill. App.2d 377, 381.

In our view it was not unjust to allow the judgment to stand against a company which had refused either to defend one claiming to be its insured, or to determine the disputed question of coverage in a declaratory judgment action. This follows even though defendant was not bound to file a declaratory judgment action if the policy was clearly not in effect at the time of the accident. See *McFadyen v. North River Insurance Co.* (1965), 62 Ill.App.2d 164, 171; *Wheeler v. Aetna Casualty & Surety Co.* (1973), 11 Ill.App.3d 841, 844-845.

■■ Nonetheless, the fact remains that defendant without reasonable justification failed to establish the defense of non-coverage at a more apt time. Further, its failure to present a section 72 petition until nearly 4½ months after the judgment effectively diminishes any claim of due diligence. Thus, even assuming a meritorious defense, the trial court's denial of the section 72 petition was not such a clear abuse of discretion as to warrant reversal. (*Suarez v. Yellow Cab Co.* (1969), 112 Ill.App.2d 390, 395, *Cf. Davis v. Retirement Board of Policeman's Annuity and Benefit*

*Fund* (1972), 4 Ill.App.3d 221, 225.) *See also Bennett v. Gollant* (1970), 127 Ill.App.2d 224, 230-231; *Johnson v. Hawkins* (1972), 4 Ill.App.3d 29, 33.

Accordingly, the judgment below is affirmed.

Affirmed.

GUILD and RECHENMACHER, JJ., concur.