JIMMIE J. ALDERSON, Plaintiff-Appellee, *v.* BEROL PRODUCTS DIVISION, BEROL CORPORATION, a/k/a Eagle Pencil Sharpener, Defendant-Appellant.

Second District (2nd Division)    No. 74-350

Opinion filed May 13, 1976.

Judge, Hunter & Schirott, of Park Ridge, for appellant.

Joseph A. Morrissey, of Tuite, Morrissey, Gesmer & Finnegan, of Rockford, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of Winnebago County dismissing the defendant's section 72 petition to vacate a default judgment.

The plaintiff was an employee of a water treatment company. In the course of performing a contract for water testing service for the defendant, Berol Products, on their premises, the plaintiff received a severe electrical shock due to a wire being improperly grounded to the water softener system. This shock, it is alleged, caused the plaintiff to involuntarily spring erect, thus dashing his head against an open window, with resultant serious injury.

The accident occurred on September 3, 1971. The plaintiff brought suit against Berol on August 30, 1973, and served them with summons on September 14, 1973, through their registered agent, C. T. Corporation. In their section 72 petition the defendant says that the agent forwarded the summons to New York attorneys, who forwarded it to Berol's Connecticut office, and it was referred to defense counsel in this case. When the summons was finally received by defense counsel in Park Ridge, Illinois, it was at a time when the firm had just received an influx of

some 225 files from another insurance company client, which recently had switched counsel. This file, apparently, was mixed in with the other 225 files received at around that time and was overlooked and inadvertently filed away. On October 19, 1973, no appearance having been entered, the plaintiff moved for a default order and this was granted and default entered against the defendant as to liability only. Plaintiff's counsel claims he was not able to communicate with defense counsel as no appearance had been filed and that he did not know who they were. Finally, on April 6, 1974, plaintiff's attorney wrote a letter to C. T. Corporation, defendant's registered agent, advising them that a default order had been entered and was outstanding against Berol. Upon receipt of this letter the defendant's counsel filed a notice of motion to vacate the default judgment and subsequently, upon learning that this would be opposed by plaintiff as not being timely, the defendant filed a petition to vacate the judgment under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72).

Both of the parties have briefed this case on its merits as a proper petition under section 72 of the Civil Practice Act, and the trial court so considered it in its memorandum opinion denying the petition.

■■■ Upon consideration, however, we are of the opinion that the situation here is not within the scope of section 72 for the reason that section 72 is only designed to give relief "from final orders, judgments and decrees" and the default order entered here was not, in our opinion, a final order or judgment. It did not end the litigation between the parties since further proceedings must follow in order to establish damages if the judgment was to be meaningful, that is, subject to execution. Our Supreme Court indicated in *Martino v. Barra*, 37 Ill. 2d 588, 594, citing *Davis v. Childers*, 33 Ill. 2d 297, that a judgment *n.o.v.* on the issue of liability only with damages yet to be ascertained is not a final, appealable order. *Martino*, together with the case of *Kazubowski v. Kazubowski*, 48 Ill. 2d 401, we feel, disposes of the issue. In *Kazubowski* the defendant was adjudged to be in default and judgment was entered by confession against him. The court said, page 402:

> "An order of default does not dispose of the merits of the case and determine the rights of the parties. It is not, therefore, a final judgment. *(Hess v. People ex rel. Miller*, 84 Ill. 247.)"

The court held the order of default in that case was not an appealable order. This appears to be in accordance with the general statement on the point in 4 Am. Jur. 2d *Appeal and Error* §52 (1962), reading as follows:

> "The rule that ordinarily only a final decision is appealable applies also to appeals from default judgments. Accordingly, where, on entering a default, the court provides for an inquiry to determine

the amount of damages, the default is not a final appealable judgment"

A default order as to liability only did not, in the opinion of the court in *Stevens v. Antomo, Inc.*, 131 Ill. App. 2d 841 (abstract opinion), constitute a final reviewable order. There the court said:

"As noted above only a default order was entered as distinguished from a judgment for damages, the relief sought in the action. Accordingly, the reconsideration of the default order does not result in a reviewable order and it is immaterial whether such reconsideration was in accord with Section 72 or not."

The court dismissed the section 72 petition. See also *Windolf v. Village of Oquawka*, 29 Ill. App. 3d 296, and *Culetsu v. Dix* (1962), 149 Conn. 456, 181 A.2d 116, 117.

We believe the authorities cited above correctly state the law on this point and that an order of default only as to liability without judgment being entered in the case as to damages does not constitute a final order or judgment.

We therefore hold that the order of default entered in this case was not a final appealable order, hence this court is without jurisdiction to consider the section 72 petition which seeks review of the order, since section 72 petitions refer only to final orders, judgments or decrees.

The appeal is dismissed and the cause remanded to the circuit court for further proceedings.

Appeal dismissed.

T. J. MORAN, P. J., and DIXON, J., concur.