GARY MIURA, Plaintiff-Appellee, *v.* FAMOUS CAB COMPANY, Defendant-Appellant.—(RITA CHEEKS, Defendant.)

First District (2nd Division)    No. 81-684

Opinion filed June 29, 1982.

Sherwin Greenberg, of Skokie, for appellant.

James N. Karahalios, of Chicago, for appellee.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Gary Miura brought this action to recover for personal injuries and property damage allegedly caused by the negligence of Rita Cheeks while she was operating a vehicle owned by Famous Cab Company. A default judgment was entered in the amount of $10,000. Defendant Famous Cab appeals this default judgment and the denial of its motion to vacate that judgment.

On May 7, 1980, plaintiff filed a complaint against Rita Cheeks and Famous Cab Company. The complaint alleged that plaintiff was driving northbound at approximately 2200 North Lake Shore Drive when Cheeks, who was an agent of Famous Cab, drove her southbound taxicab over the lane divider into the northbound lanes and hit plaintiff's car head-on. Plaintiff's vehicle was knocked across all the northbound lanes, over the curb, across the parkway and sidewalk, and onto the beach. Plaintiff was injured and his car was completely wrecked.

Summons was placed with the sheriff for service on Famous Cab at 3641 South Indiana in Chicago. The sheriff's return of service, dated June 3, 1980, shows service was had on Famous Cab at 9:49 a.m. on May 14, 1980, at the address on South Indiana. The return indicates that a copy of the complaint and summons was left with Earl Anthony, described as a 29-year-old black male, as "R/A" (registered agent) of Famous Cab. No appearance by Famous Cab was filed within the next 30 days.

On October 21, 1980, plaintiff sent Famous Cab a notice of motion stating that on November 3, 1980, the attached motion for entry of judgment by default would be presented to Judge Bieschke. These items were sent by certified mail, return receipt requested. The receipt card was returned to plaintiff showing that the notice of motion and motion were received by Famous Cab, and signed for by Michael C. Simmons,

on October 22, 1980. Famous Cab failed to appear on November 3 and Judge Bieschke ordered judgment against Famous Cab on the issue of liability. The case was transferred to the presiding judge for a prove-up of damages. The prove-up was set for December 9, 1980. On November 7, plaintiff mailed a copy of Judge Bieschke's order, the order setting December 9 as the date for the prove-up, and a cover letter to Famous Cab. This mailing was also sent by certified mail, return receipt requested. The receipt card was returned to plaintiff showing that the orders and letter were received by Famous Cab, and signed for by Roscoe Simmons, on November 8, 1980.

Famous Cab did not appear on December 9. The cause was assigned to Judge Nordberg, who received evidence on the question of damages. Judge Nordberg entered judgment against Famous Cab in the amount of $10,000 but continued the case to December 12, 1980, so that plaintiff's attorney could prepare a written order. On December 10, plaintiff's attorney telephoned Famous Cab's insurance carrier, informed it of the foregoing events and sent it copies of the trial court's orders. On December 12, Leon S. Gillin and Associates appeared before Judge Nordberg as attorneys for Famous Cab and presented an "Emergency Motion" to vacate Judge Bieschke's November 3 default order. This motion alleged, among other things, that the notice to the insurance carrier was the first time Famous Cab had knowledge of the lawsuit.

Judge Nordberg stated that he was exercising his discretion and not conducting any proceedings on Famous Cab's motion. He directed Famous Cab to file its motion before Judge Bieschke, who had entered the default order. Judge Nordberg then entered the written judgment order for $10,000. He specifically noted that if Judge Bieschke vacated the default order, the award of damages would fall. Later that day Famous Cab filed a motion to vacate before Judge Bieschke.

On December 16, 1980, Famous Cab filed another motion, this a motion to vacate Judge Nordberg's judgment order of December 12. This motion, which was never served on plaintiff, attacked service of summons and notice of motion. Famous Cab's brief claims that the motion sets forth due diligence and a meritorious defense. The motion, however, was unverified, unsupported by affidavit, and contained hearsay and a number of legal conclusions.

On December 23, 1980, Judge Bieschke heard Famous Cab's December 12 motion to vacate the default order which had been entered on November 3. Famous Cab's motion was again unsupported and the trial court denied the motion to vacate the default order. Two months later, on February 25, 1981, Famous Cab served notice of its motion to vacate Judge Nordberg's December 12 order regarding damages. This motion had been filed with the court on December 16, 1980. On March 10, 1981,

Famous Cab filed three affidavits, each of which had been signed on March 9, in support of its December 16 motion to vacate. These affidavits, by Bernie, Michael and Eric Anthony, state, among other things, that there has never been an Earl Anthony or a Michael Simmons employed at Famous Cab. The affidavits which were not served on plaintiff's attorney until the subsequent hearing, also state that the three affiants were the only employees of Famous Cab and that the first they heard of the lawsuit was when they were telephoned by their attorney on December 11, 1980.

Judge Nordberg conducted a hearing on Famous Cab's motion on March 16, 1981. It was not until after the hearing began that the three affidavits were served on plaintiff's attorney. When asked by the court whether he desired a continuance in order to prepare a response to the affidavits, plaintiff's attorney responded that he didn't think any response was necessary since the matters had already been ruled on by Judge Bieschke. The testimony at the hearing revealed that Famous Cab operates seven cabs on the streets, that Rita Cheeks is one of the drivers, and that there are additional drivers, dispatchers and mechanics involved in the operation of Famous Cab. Judge Nordberg stated he would base his decision on numerous factors, including the credibility of the affidavits. It should be emphasized that the affidavits asserted there were only three employees in the company which had seven cabs in operation and employed dispatchers and mechanics. Judge Nordberg also noted that he was aware of Judge Bieschke's ruling that a mistake in writing down the first name of a person receiving process (*i.e.*, Earl Anthony rather than Eric Anthony) is not significant. In ruling on the same issues, Judge Nordberg fully concurred with Judge Bieschke's decision and denied Famous Cab's motion to vacate the judgment. Famous Cab appeals from Judge Nordberg's judgment of December 12, 1980, and his March 16, 1981, denial of Famous Cab's December 16, 1980, motion to vacate that judgment.

Famous Cab's first contention on appeal is that the trial court, per Judge Nordberg, erred in not granting its December 12 "Emergency Motion" to vacate the earlier default order which was entered on November 3, 1980, by Judge Bieschke. On December 12, Judge Nordberg ruled that Famous Cab's motion should be directed to Judge Bieschke because he entered the order. Judge Nordberg also stated that he thought that the proper motion to file was a section 72 motion because more than 30 days had elapsed since entry of the default order. (See Ill. Rev. Stat. 1979, ch. 110, par. 72.) It appears, however, that a section 72 petition would not have been proper. Such petitions seek relief from final orders and judgments. (Ill. Rev. Stat. 1979, ch. 110, par. 72(1).) A default order as to liability only does not constitute a final order. (*Alderson v. Berol*

*Products Division, Berol Corp.* (1976), 38 Ill. App. 3d 139, 141, 347 N.E.2d 213.) Although a prove-up on damages was held on December 9, 1980, Judge Nordberg continued these proceedings until December 12, 1980. Because Famous Cab's motion to vacate was heard prior to entry of the final judgment on damages, a section 72 motion at that time would have been premature.

That Judge Nordberg mistakenly believed that a section 72 petition was proper did not, however, make it error for him to deny Famous Cab's motion to vacate. Section 50(5) of the Civil Practice Act states:

> "The court may *in its discretion,* before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 110, par. 50(5).)

The statute specifically states that it is within the trial court's discretion whether to vacate a default judgment. While this statute should be liberally construed (see *Czyzewski v. Gleeson* (1977), 49 Ill. App. 3d 655, 659, 364 N.E.2d 557; *Engelke v. Moutell* (1974), 20 Ill. App. 3d 253, 256, 313 N.E.2d 613), the overriding consideration is to serve the ends of justice. (*People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 406, 270 N.E.2d 841.) Clearly the vacation of a default judgment is not automatic merely upon a motion by the defaulted party.

■■ We believe Judge Nordberg committed no abuse of discretion in ruling that Judge Bieschke should decide Famous Cab's motion to vacate that judge's default order. Judge Nordberg specifically recognized that "if the motion to vacate the default is granted by Judge Bieschke, the damages prove-up will fall," and noted that this was the procedure followed in the law division of the Circuit Court of Cook County.

Famous Cab's next contention is that Judge Nordberg erred in not granting Famous Cab's motion to vacate the order entered on December 12, 1980. Famous Cab's motion to vacate this order was filed on December 16, 1980, but was not heard until March 16, 1981. The only conceivable foundation for Famous Cab's position is the assertion that it used due diligence. Its contention that they had a meritorious defense is unsubstantiated by the record which merely states that a meritorious defense exists and denies plaintiff's allegation without setting forth the basis of the defense.

Famous Cab claims its first notice of the lawsuit was on December 10 when its insurance carrier was notified by plaintiff's attorney. It argues that the service of summons was on Earl Anthony and that no such person works for Famous Cab. It supported this allegation with three affidavits, by Bernie, Michael and Eric Anthony, who allege they are the only agents or employees of Famous Cab. These affidavits, which were filed with the

court on March 10, 1981, also assert that Famous Cab never received the two certified mailings from plaintiff's attorney.

■■ A sheriff's return of service is *prima facie* proof of service and can be overcome only by clear and convincing evidence. (*Mitchell v. Tatum* (1982), 104 Ill. App. 3d 986, 988, 433 N.E.2d 978.) Courts are required to indulge in every presumption in favor of the sheriff's return of service. (*Whitworth v. Morgan* (1977), 46 Ill. App. 3d 292, 295, 360 N.E.2d 1198.) In the instant case, however, plaintiff presented more than simply the sheriff's return of service. The certified mail return receipt cards showed (1) that Famous Cab received a notice of motion and a copy of the motion for default on October 22, 1980, and (2) that Famous Cab received a copy of the November 3, 1980, default orders and a cover letter on November 8, 1980. In addition, there is an inconsistency between the testimony that Famous Cab had drivers, dispatchers and mechanics and operated seven cabs, and the three affidavits claiming there were only three employees of the company. Given the conflicting evidence in respect to the existence of other agents or employees of Famous Cab, and the strong likelihood that Eric Anthony was served when the sheriff, for some reason, wrote that he served Earl Anthony, it was up to the trial court to judge the credibility of the evidence. (*Mitchell v. Tatum* (1982), 104 Ill. App. 3d 986, 988.) Clearly the court's decision to put more credence in plaintiff's evidence is amply supported by the record. Famous Cab has failed to rebut the sheriff's return of service by clear and convincing evidence. We therefore affirm the trial court's denial of Famous Cab's December 16 motion to vacate the December 12 order.

Famous Cab's final contention on appeal is that the November 3, 1980, default order and the trial court's December 12 judgment as to damages were void for lack of jurisdiction. This point has been adequately discussed in the context of Famous Cab's first two appellate contentions. Famous Cab does, however, cite additional authority in support of its argument. In *Harris v. American Legion John T. Shelton Post No. 838* (1973), 12 Ill. App. 3d 235, 297 N.E.2d 795, the person alleged by the deputy to have been served had died in World War I. The court held that when a return is challenged by affidavit and there are no counteraffidavits and no testimony by the deputy, the affidavits should be taken as true. (12 Ill. App. 3d 235, 237; see also *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 584-85, 366 N.E.2d 1015.) In *Aetna Casualty & Surety Co. v. Sanders* (1973), 15 Ill. App. 3d 573, 305 N.E.2d 25, however, the court held that an uncorroborated affidavit by the party allegedly served denying service was insufficient to contradict the sheriff's return. 15 Ill. App. 3d 573, 576, citing *Marnik v. Cusack* (1925), 317 Ill. 362, 364, 148 N.E. 42; see *Ingram v. MFA Insurance Co.*, (1974), 18 Ill. App. 3d 560, 564, 309 N.E.2d 690.

As noted previously, the instant case involves not only the sheriff's return but United States mail return receipt cards. The affidavits were not properly served on plaintiff's attorney and the affiants, Eric, Bernie and Michael Anthony, did not testify. In addition, the trial court noted how narrowly the affidavits were drawn and how they failed to state that Famous Cab did not have actual notice of the lawsuit prior to December 10, 1980. These affidavits, claiming the affiants were the only employees of Famous Cab, directly contradicted Famous Cab's own pleadings admitting that Rita Cheeks was a driver for the company. There was also the apparent contradiction regarding the existence of other employees.

■■ In view of the evidence presented by plaintiff and the basic inconsistencies in Famous Cab's evidence, the trial court's conclusion that Famous Cab did not present clear and convincing proof to rebut the sheriff's return, let alone the other evidence, is amply supported by the record. That the return of service named Earl Anthony rather than Eric Anthony is not dispositive. The sheriff had no way of knowing that the last name of the owners of Famous Cab was Anthony unless he was given the name when effecting service. Judge Nordberg noted that the name Anthony "is not a name that [the sheriff] would normally pick out of the air." In addition, Eric Anthony's signature, as it appears on his affidavit, is not clearly legible. In view of all the evidence, the trial court's underlying conclusion that Famous Cab was properly served was based on the evidence and will not be disturbed. It follows that the trial court's refusal to vacate the default orders against Famous Cab did not amount to an abuse of discretion.

The judgment of the trial court is affirmed.

Affirmed.

PERLIN and HARTMAN, JJ., concur.