FOUR LAKES MANAGEMENT & DEVELOPMENT COMPANY, Plaintiff-Appellant, v. LEE BROWN *et al.*, Defendants-Appellees.

Second District   No. 84—0145

Opinion filed December 28, 1984.

Wayne S. Shapiro, of Chicago, for appellant.

No brief filed for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Four Lakes Management and Development Company, appeals the granting of the motion to quash service of summons filed by defendants Lee and Nancy Brown before the trial court of Du Page County.

Plaintiff brought a forcible entry and detainer action against defendants for possession of an apartment occupied by defendants and a judgment for rent and late charges, plus costs. The trial court entered a default judgment in favor of the plaintiff, defendants having failed to appear. Defendants filed a special and limited appearance and a motion to quash service of summons. The motion to quash was granted, and plaintiff appeals.

The record reveals the following facts: the forcible entry and detainer action against both defendants was filed on August 22, 1983, seeking possession of an apartment located at 5527 East Lake Drive, Apartment E, Lisle. The sheriff's return of service by Deputy LeRoy Motter indicates that on August 29, 1983, at 7:35 p.m., he personally served Nancy Brown, female, white, approximately 30 years of age, and served her husband, Lee Brown, by substitute service on her as well as by mailing a copy of the summons to their residence.

On September 7, 1983, a default judgment was entered against defendants for possession and $1,141 in damages and costs. On November 9, 1983, a citation to discover assets was filed upon defendants, and on December 14, 1983, defendants filed a special and lim-

ited appearance and a motion to quash service of summons.

In the motion to quash, defendants alleged that the purported service of summons was of no effect in that defendant Nancy Brown could not have been the person actually served, since she no longer occupied the apartment on the date of the alleged service of summons. She had vacated the premises on or about August 6, 1983, and never returned to the premises thereafter. Nancy Brown's affidavit in support of the motion stated that she and her husband had vacated the premises on or about August 5, 1983, that they were never on the premises thereafter, and that she was never personally served with the summons in this matter. Defendant's affidavit also refers to a five-day notice which is alleged to have been served upon the defendants on August 12, 1983, "by posting a copy on the main door of the within described premises no one being in actual possession thereof." The process server subsequently filed an affidavit stating that, at the time he served the five-day notice, he was unable to ascertain whether or not the apartment was occupied.

A hearing on the motion to quash was held January 1984, at which defendant Nancy Brown and the deputy sheriff testified. Deputy Motter testified to the following: he served approximately 5,000 papers a year; the person who answered the door on August 29, 1983, at 5527 East Lake Drive, Apartment E, identified herself as Nancy Brown; she said Lee Brown was her husband; the deputy served her personally, explaining what the writ was; he further served her on Lee Brown's behalf, telling her the paper was for him; he thereafter filled out the worksheet with the details of the service, and signed and submitted the sheriff's return. On cross-examination, Deputy Motter stated that he could not definitely remember the service of this particular summons. Defense counsel pointed out that on the deputy's worksheet, the deputy had initially put a check mark in the "not found" box, which he then crossed out and checked the "personal service" box. The deputy responded that he "usually make[s] mistakes once in a while."

Nancy Brown testified to the following: she was not aware of the lawsuit until she was served (in November 1983) with a citation to discover assets; she moved from the apartment in question on August 6, 1983, leaving all the keys there; she was never served with a five-day notice or a summons in this matter; and her husband was not in court because he was in the hospital. On cross-examination, she testified that, when they moved from the apartment on August 6, they temporarily lived with her uncle, and they later moved to the house which they had purchased. She could not remember the date they purchased

the house, but they did not move into it until the end of August, when it was completed.

At the conclusion of the hearing, the trial court granted defendants' motion to quash. The court commented that it found Mrs. Brown's testimony credible, and he believed the deputy sheriff was mistaken in his completion of the worksheet.

Plaintiff's notice of appeal from the order of January 26, 1984, asks this court to vacate the order of the trial court granting defendants' motion to quash. Plaintiff also requests an order requiring defendants to appear for the citation hearing.

We initially note that appellees have not submitted a brief in this appeal. However, pursuant to the guidelines in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 130, we have chosen to consider and decide the merits of the appeal.

The single issue raised by the plaintiff on appeal is whether the trial court abused its discretion in granting defendants' motion to quash the service of summons. Plaintiff submits that the sheriff's return showing service cannot be set aside based merely upon the uncorroborated testimony of defendant Nancy Brown. We agree.

■■ As a general rule, the sheriff's return should be considered *prima facie* evidence that the process was properly served upon the defendant in person, and it should not be set aside unless the return has been impeached by clear and satisfactory evidence. (*In re Jafree* (1982), 93 Ill. 2d 450, 455; see Ill. Rev. Stat. 1983, ch. 110, par. 2—203(a).) In *Jafree*, the supreme court concluded that respondent's affidavit and that of his client denying personal service did not constitute clear and satisfactory evidence sufficient to overcome the presumption established by the sheriff's return. Likewise, in *Whitworth v. Morgan* (1977), 46 Ill. App. 3d 292, 360 N.E.2d 1198, defendant's self-serving testimony that he had not been served and corroborating testimony of his wife and son fell short of clear and satisfactory evidence needed to rebut the presumption of service. An uncorroborated affidavit by a party allegedly served denying service is insufficient to contradict a sheriff's return. *Marnik v. Cusack* (1925), 317 Ill. 362, 364; *Miura v. Famous Cab Co.* (1982), 107 Ill. App. 3d 803, 808, 438 N.E.2d 530, 534.

■ The only evidence indicating the lack of personal service on defendant Nancy Brown consists of her affidavit and testimony that she was not served with process, that she had moved from the apartment in question three weeks before the purported service was made, and that she had never returned to the premises. Defendants presented no corroboration or documentation to support her contention

that she was not served with summons. (See *Robinwoods West, Inc. v. Kramer* (1970), 128 Ill. App. 2d 49, 53, 262 N.E.2d 332, 334.) There is no supporting evidence that she, in fact, vacated the premises on or about August 6, 1983, that she then resided with her uncle, or that she purchased or contracted to purchase a home. Absent any such corroboration or documentation, Nancy Brown's affidavit and testimony do not constitute clear and satisfactory evidence sufficient to overcome the sheriff's return and testimony. (*Miura v. Famous Cab Co.* (1982), 107 Ill. App. 3d 803, 438 N.E.2d 530.) Therefore, we conclude that the personal service of summons on defendant Nancy Brown was erroneously quashed.

■ As to substitute service on Lee Brown, section 2—203(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—203(a)), in relevant part, provides:

> "(a) Except as otherwise expressly provided, service of summons upon an individual defendant shall be made ***(2) by leaving a copy at the defendant's *usual place of abode*, with some person of the family, of the age of 13 years or upwards, and informing that person of the contents thereof ***." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 110, par. 2—203(a).)

Thus, in substitute service there is an essential element, service at defendant's "usual place of abode," which may not, and generally would not, be within the personal knowledge of the process server. Where the question to be determined is whether it is the defendant's "usual place of abode," the return of the sheriff upon such an issue cannot be accepted as proof of fact. (*Trust Co. v. Sutherland Hotel Co.* (1945), 389 Ill. 67, 73; *Lewis v. West Side Trust & Savings Bank* (1941), 377 Ill. 384, 386.) That portion of the return may be attacked by an affidavit, and where there are in the record no counteraffidavits contradicting it, such affidavits will be taken as true. *Chiaro v. Lemberis* (1960), 28 Ill. App. 2d 164, 172, 171 N.E.2d 81, 85.

■ Facts that service was made upon a person who said her name was Nancy Brown and the place where it was made are within the personal knowledge of the officer. Those facts cannot be contradicted by the uncorroborated affidavit of the defendant. (*Nibco, Inc. v. Johnson* (1983), 98 Ill. 2d 166, 172-73, citing with approval *Ingram v. MFA Insurance Co.* (1974), 18 Ill. App. 3d 560, 309 N.E.2d 690.) However, in *Nibco* the court concluded that an issue of fact arose for the trier of fact to resolve, because the deputy testified to a fact not within his personal knowledge which was contradicted by affidavit. A similar credibility issue exists in the present case, because, while the deputy testified the location where he effected substitute service was

defendants' usual place of abode, this fact was not within his personal knowledge and was denied in Nancy Brown's affidavit.

Thus the trial court, as to the issue of substitute service, had only the evidence of Nancy Brown. She testified that Lee Brown did not live at the service address. While her affidavit and testimony were impeached by the deputy's testimony that a person fitting her description told him Lee Brown lived there, the issue was one of fact resolved against plaintiff by the trier of fact. Its judgment was not against the manifest weight of the evidence and must be affirmed. *Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352.

The judgment of the circuit court of Du Page County is affirmed in part, as to the quashing of service upon Lee Brown, reversed in part, as to the quashing of service upon Nancy Brown, and remanded.

Affirmed in part, reversed in part, and remanded.

REINHARD and UNVERZAGT, JJ., concur.